ANNA ANDERSEN, PROSECUTOR, v. INDEPENDENT ORDER
OF FORESTERS, DEFENDANT.

Decided September 10, 1923.

**Service of Process—Foreign Corporations on Commissioner of Banking and Insurance—Proper Return—Rule of District Court to Show Cause Why Judgment Should not be Vacated More Than Thirty Days After Judgment—Claim that Such an Order Amounted to New Trial—Subordinate Lodges.**

On *certiorari* to review judgment on proceedings of the District Court of Perth Amboy.

Argued before a single justice under the statute.

For the prosecutor, *Jacob S. Karkus.*

For the defendant, *Francis A. Gorden* and *William F. Vosseller.*

The opinion of the court was delivered by

BERGEN, J. The defendant, a corporation organized under the laws of the Dominion of Canada as a beneficial association, duly authorized to do business in this state, having appointed the commissioner of banking and insurance as its agent on whom process may be served, issued its certificate of insurance on the life of plaintiff's husband, in which she was named as beneficiary. The husband died and plaintiff brought suit on the certificate and recovered a judgment by default which she caused to be docketed in the Court of Common Pleas of the county of Middlesex. More than thirty days after the judgment was recovered the District Court allowed the defendant a rule to show cause why an order should not be made vacating and setting aside the judgment. On the return of the rule the court filed a memorandum that the service of the summons on the secretary of the local lodge was a good service, but

that the return made by the officer serving was not good, but that it might be amended by describing the person served as agent of defendant, and not as secretary of the defendant, which it was admitted he was not, and thereupon made an order giving plaintiff the option to take an order vacating the judgment and amending the return so that it would appear that the summons was served upon an agent of defendant residing in this state; and set the case down for trial, and that if the plaintiff did not consent to vacate the judgment and amend the return within five days the judgment would be vacated and the proceedings dismissed.

The plaintiff did not take such order, and five days thereafter, as the minutes of the District Court show, the cause was dismissed. It is to review this order that this writ was allowed. The effect of the order of the District Court is that the return of the summons was not sufficient to give the court jurisdiction, and that the judgment was improperly entered, with leave to plaintiff to enter an order vacating the judgment; to amend the return and bring on the case for trial, and the plaintiff having failed to exercise her privilege, the judgment was vacated and the proceedings dismissed for want of proper service on the summons.

The prosecutor argues that this order amounted to a new trial, applied for more than thirty days after the judgment was entered, which is beyond the power of the District Court vide, section 17 of the District Court act. Comp. Stat., p. 1959. But the judgment complained of was not the granting of a new trial, but the vacating of the judgment for want of a proper return, as the court viewed it, of the summons. Whether the District Court was correct in its notion that the person served was an agent of the defendant who could be properly served so as to bring defendant into court and bind it by any judgment that might be rendered is immaterial, for the judgment or order actually entered is that the judgment be vacated and the action dismissed because the return to the summons was not amended so as to give the court jurisdiction. The real question is whether the judgment is good in law, even if the reasons given for it are not. It ap-

pears on the record return with the writ, stipulations in writing and admissions on the argument that the defendant is a corporation of the Dominion of Canada, doing business in this state under an act relating to· fraternal beneficiary societies (*Pamph. L.* 1893, *p.* 232); that it had appointed the commissioner of banking and insurance as attorney on whom process may be served and has filed its annual statement as required by section 4 of the act; that the defendant conducted its business in this state through subordinate or local lodges; that the summons was served on the secretary of the local lodge at Perth Amboy, improperly described in the return of service as the secretary of the defendant corporation; that the defendant had no notice of such service other than service on the secretary of the local lodge. The only service provided in the statute relating to such an organization is one on the commissioner of banking and insurance, which also provided that no law thereafter passed should apply to them unless expressly designated therein. We are thus met with the question whether service on the secretary of the local lodge was a proper service on the defendant. The prosecutor argues that under section 46 of the District Court act the secretary of the local lodge can be properly served as an officer of defendant and that the service can be made either on the commissioner of banking and insurance or on any officer, that the secretary of the local lodge is an officer, and that the misdescription of such agent as the secretary of the defendant, it being admitted he was not, was not of sufficient importance to require amendment, as she was afforded an opportunity, which she declined. I do not think that the secretary of the subordinate lodge, nothing more being shown, was the agent of defendant, a foreign corporation, upon whom binding service of a summons could be made, unless it be made to appear that he had "such connection with the business out of which the cause of action arose as might fairly support an inference that he had authority to represent the corporation for the purpose of the service of process." *Erie Railroad Co.* v. *Van Allen,* 76 *N. J. L.* 119.

Ordinarily, the officers of a subordinate lodge are elected by its members, through whom its business with the parent corporation is conducted, which does not imply their appointment by the latter either as servant or agent, and if in this case there was any other relation, prosecutor could have shown it, but did not. Therefore, the conclusion of the trial court to dismiss the action for want of jurisdiction was correct, if the court was not prohibited from dealing with the case for the following reasons urged by prosecutor.

*First.* Because it has lost control of the cause because it had been docketed in the Middlesex Common Pleas immediately after the judgment was entered. This was disposed of contrary to the argument of the prosecutor in *Lacombe* v. *Laval,* 81 *N. J. L.* 68, where a District Court judgment was docketed in the Common Pleas and thence in this court. Mr. Justice Reed, speaking for this court, saying: "But in neither case did the docketing operate as a writ by which the judgment was transferred from the trial court to a higher court for the purpose of reviewing trial errors, or for the purpose of transferring the power over the judgment of the trial court to the superior court, save in the matter of execution and the entry of satisfaction of the judgment debt."

It seems to me that under this case a District Court is not deprived of its jurisdiction over its own judgment to the extent of vacating it for want of jurisdiction over the person of the defendant, otherwise a defendant would have no remedy in a case where he had never been summoned and judgment entered by default, if plaintiff was nimble enough to immediately docket the judgment in the Common Pleas Court.

*Second.* That the action of the District Court amounted to granting a new trial, and that it has no such power within thirty days after judgment. I do not think the judgment dismissing the cause for want of jurisdiction was the granting of a new trial within the meaning of the statute, but assuming that it was, the limitation is thirty days after judgment. This, in my opinion, means a lawful judgment and one of which the defendant has notice either of the institution of the suit on which it was based, or in some other way. Laws must be

given a reasonable interpretation and the legislature could not have intended that a judgment which ought not to have been entered for want of jurisdiction of defendant's person because not summoned actually or constructively, became final and beyond the control of the court after thirty days. There was no legal trial and could be no legal judgment for want of jurisdiction. Nor could a new trial be granted, all the court could do was to dismiss the proceedings for want of jurisdiction, and that was the order made. So far as I can see, the prosecutor may institute her suit against and secure proper service on the commissioner of banking and insurance, there having been no proper service, trial or judgment.

The proceedings under review are affirmed, with costs.