WILLIAM GEITHNER AND CLARA GEITHNER ET AL., PROSECUTORS, v. VINCENZO PAECHIANA AND THE DISTRICT COURT OF THE SECOND ·JUDICIAL DIS-TRICT OF HUDSON COUNTY, RESPONDENTS.

Submitted October term, 1929—Decided May 10, 1930.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutors, *Skolkin & Cohen* (*Peter Cohen*, of counsel).

For the respondents, *Rae, King & O'Brien*.

PER CURIAM.

On the writ of *certiorari* in this case we are asked to set aside an order of the judge of the Second District Court of Hudson county opening a judgment which had been obtained in that court by the plaintiffs against the defendant. The ground upon which we· are asked to set it aside is that the rule to open the judgment was not allowed until the 2d of May, 1929, the judgment having been obtained February 14th preceding. The seventeenth section of the District Court act (*Comp. Stat., p.* 1959) provides that "in every case tried in any of said courts the judge may, if he sees fit, order a new trial to be had, upon such terms as he shall think reasonable,

and in the meantime stay proceedings, provided that application for such new trial, except where the said application is based upon newly-discovered evidence, shall be made within thirty days after judgment."

In the case of *Lutter* v. *Neubauer,* 100 *N. J. L.* 20; *affirmed,* 101 *Id.* 222, the legal effect of this act was dealt with by the Supreme Court and it was there said that "the District Court is a court of general jurisdiction, though the amount of its jurisdiction is limited, and section 68 of the District Court act declares that the 'practice of the Circuit Court in so far as applicable, shall apply to District Courts, excepting, however, in cases where there may be some express provisions of law providing otherwise, and no doubt our courts of general jurisdiction have power to open judgment after the expiration of the term in cases, among others, of fraud upon the court (citing authorities) and the rule is that statutes limiting the time within which application to set aside judgments and for new trials must be made did not cover such cases unless expressly made applicable thereto, which is not so as to section 17 of the District Court act.' "

From the proofs taken on the rule to open the judgment it appeared that the case had been noticed for trial and as a result of communications between the attorneys for the parties it was agreed that nothing further was to be done then in the case but that the trial was to be postponed to a date to be agreed upon, and that in violation of this agreement the plaintiff's attorney proceeded without further notice, and in the absence of the defendant and his counsel, to take judgment and issue execution. To thus proceed in the face of the agreement was a fraud both upon opposing counsel and upon the court and justified the action of the judge in opening the judgment and setting aside the verdict.

The order opening the judgment will be affirmed, with costs.