## WILLIAM PALANSKY, PROSECUTOR, v. MAX REICH AND JAMES H. WHITE, DEFENDANTS.

Submitted October 14, 1932—Decided February 25, 1933.

Before Justices BODINE and DONGES.

For the prosecutor, *Walter V. Schwartz.*

For the respondents, *Chandless, Weller & Selser.*

PER CURIAM.

This writ of *certiorari* brings up for review an order of the District Court of the Third Judicial District of the county of Bergen vacating a judgment previously entered by default in favor of the plaintiff. The ground of the order was that the state of demand set out no cause of action of which the court had jurisdiction.

1. The first point is that the court had no power to make the order more than thirty days after the judgment was entered because section 17 of the act limits the power to grant a new trial to that period unless upon the ground of newly discovered evidence. The court did not order a new trial but vacated the judgment. In *Anderson* v. *Independent Order of Foresters,* 98 *N. J. L.* 648; 126 *Atl. Rep.* 631, Mr. Justice Bergen, sitting alone, reviewing a similar action of a District Court, held that that court had power to vacate a judgment where there was no jurisdiction over the person of the defendant. His reasoning is sound and applies to a case where the defect is lack of jurisdiction over the subject-matter.

2. The second point is that there was no legal proof offered which supports the order. It was not a matter which was susceptible of proof, since the court determined a lack of jurisdiction appeared on the face of the state of demand.

3. That the order is void because it transcends the scope of the rule to show cause. The rule called upon plaintiff to show cause why the default judgment should not be re-opened. The order vacates the judgment. No harm was

suffered by plaintiff in this. The only question to be considered on the return of the rule, as indicated by defendant's affidavit, served with the rule, was the jurisdiction of the court over the subject-matter. It was this question that the plaintiff was called upon to meet by the rule and the order made was based on the determination of that question.

4. That the court had jurisdiction of plaintiff's claim. The first paragraph of the state of demand alleges a partnership agreement. The second that plaintiff devoted his time to the business at an inadequate compensation. The third that plaintiff's efforts caused the business to prosper. The fourth that on November 15th, 1931, defendant, with intent to defraud, ejected plaintiff from the premises without compensating for the time spent in the running of the business. Five hundred dollars damages are claimed. The action is entitled "on contract." It seems that this is a claim for a share of the profits in accordance with the partnership agreement. Plaintiff's measure of damages would certainly be governed by the terms of the partnership agreement, because he alleges no other contract. He must, if it be for accounting, first seek an accounting in equity. This question, however, is not before us in the instant case. After final judgment, plaintiff may appeal, if aggrieved thereby.

The writ is discharged, with costs.