JOHN ZICARELLI, PROSECUTOR, v. GENERAL FINANCE COMPANY, RESPONDENT.

Submitted May 15, 1936—Decided September 10, 1936.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Tucker & Tucker.*

For the respondent, *Joseph M. Goldweber.*

PER CURIAM.

The writ in this case is to review the action of the District Court of Bayonne in setting aside a judgment which had been previously rendered.

The contention of the prosecutor is that inasmuch as thirty days had expired since the rendition of the judgment, the court was powerless to act, claiming that the section of the District Court act limits the power of the court after the thirty days to cases of after discovered evidence.

If there were nothing in the case other than the rendition of a judgment and its being set aside to give the defendant a new trial after the thirty days of course the statute would control as many cases disclose, but where, as in the present case, a palpable fraud is committed on court and counsel we think the court is not powerless. The testimony on the rule disclosed that in the case (which was an action in attachment to recover moneys claimed to have been improperly paid to get an automobile back and for loss of money and other property due to the action of the defendant in taking possession as plaintiff claims improperly) on the return day

when the case was called for trial the defendant's attorney disclosed to the attorney of the plaintiff that the plaintiff had executed a full release to the defendant on its claim; that plaintiff's attorney recognized this as proper and agreed to discontinue the action and the record was so marked in pencil, and that defendant's counsel then left the court room. Instead of doing as he had agreed in open court, plaintiff's counsel then proceeded to prove his claim and obtained judgment. The court is certainly not powerless to correct the injustice and it was so held in *Geithner* v. *Paechiana,* 8 *N. J. Mis. R.* 384; 150 *Atl. Rep.* 240.

The order is affirmed, with costs.