DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT
OF THE COUNTY OF MONMOUTH.

MICHAEL L. CZAJOWSKI, PLAINTIFF, v. ARLINGTON
REALTY COMPANY, A NEW JERSEY CORPORATION,
AND CHARLES H. WALKER, DEFENDANTS.

Decided October 15, 1946.

For the plaintiff, *Ira Katchen.*

For the defendant, *Charles H. Walker.*

EVANS, D. C. J. Judgment was originally entered in this
matter after jury trial on May 28th, 1945. Considerable
proceedings were thereafter had in the form of application
for new trial and appeal, all of which failed as far as the
defendant is concerned and culminated in a levy being made
upon a bank account of the defendant corporation. Orders
to show cause were argued; and finally the execution was
returned satisfied by the constable.

Since that satisfaction the Court of Errors and Appeals
of this state has determined in *Zuest* v. *Ingra* (*Zuest* v.
*Farina*), 134 *N. J. L.* 15; 45 *Atl. Rep.* (*2d*) 810, that the
District Courts of our state do not have jurisdiction in causes
such as originally presented and determined here. Defendant
now wants his money back.

Defendant cites many cases to support the right of this
court to reopen its judgment but they are not in point, *e. g.*:
*Greenbaum* v. *Higgins*, 7 *N. J. Mis. R.* 1012; 147 *Atl.
Rep.* 722, was an instance in which the court reopened the
judgment because the defendant had not had notice of relist-
ing, which action was based on the inherent power of a court
to vacate its judgment, void for want of jurisdiction, because

the parties were not in court. To a similar effect was the action taken by this court in *Kenter Co., Inc.,* v. *Errath,* 21 *N. J. Mis. R.* 214; 32 *Atl. Rep.* (2d) 592.

*Palansky* v. *Reich,* 11 *N. J. Mis. R.* 106; 164 *Atl. Rep.* 701; *affirmed,* 111 *N. J. L.* 241; 168 *Atl. Rep.* 297, was not a granting of a new trial but a vacation of a judgment because of an apparent lack of jurisdiction on the face of the state of demand.

In *Zicarelli* v. *General Finance Co.,* 14 *N. J. Mis. R.* 711; 186 *Atl. Rep.* 726, the judgment was set aside to prevent a palpable fraud. On the trial day defendant's attorney showed plaintiff's attorney a full release whereupon plaintiff's attorney agreed to discontinue and defendant's attorney left. Instead of doing what he promised, plaintiff's attorney proceeded to prove case and secured judgment.

In *Geilhner* v. *Paechiana,* 8 *N. J. Mis. R.* 384; 150 *Atl. Rep.* 240, it appears that the case was to be adjourned by agreement of attorneys; but, notwithstanding, the plaintiff's attorney proceeded to take judgment in absence of defendant's attorney. To prevent fraud upon opposing counsel and court, the judgment was reopened.

The Supreme Court in *Gimbel Bros.* v. *Corcoran,* 15 *N. J. Mis. R.* 538; 192 *Atl. Rep.* 715, vacated a judgment despite a previous denial of a rule to reopen. The vacation was upon the basis of its being a void judgment, the affidavit for entry of judgment not disclosing any proof against Mary Corcoran. The Supreme Court said "It is the duty of the court to annul an invalid judgment and the power to do so resides in its inherent jurisdiction and control over its judgments."

Applicant cites *Manowitz* v. *Kanov,* 107 *N. J. L.* 523; 154 *Atl. Rep.* 326, as the law for the practice of an order to show cause being the proper method of canceling the judgment and execution.

The question here, however, is different. At the time of the trial the legality of the cause had been established by our Supreme Court, *Beasley* v. *Gottlieb,* 131 *N. J. L.* 117; 35 *Atl. Rep.* (2d) 49. By the time the Court of Errors and Appeals had in another case, *Zuest* v. *Ingra,* determined the lack of jurisdiction in the District Court, all the proceedings

had been completed and the judgment satisfied. *Query:* Has this court the power to order the return of the monies?

It is the established practice of courts of law to exercise such control over their proceedings, judgments and process as to see that justice and equity are done with respect to the disposition of the proceeds of a judgment. *Johnston* v. *Browers,* 69 *N. J. L.* 544; 55 *Atl. Rep.* 230. Many and varied are the controls exercised by our courts over its processes up to a point of payment and satisfaction, *i. e.,* up to the point in which the processes have been completed and passed beyond the control of the court. In *Ferris v. Mancine,* 22 *N. J. Mis. R.* 145; 36 *Atl. Rep.* (*2d*) 759, the court concluded that "until the process was finally executed, that is, the money paid to the judgment creditor, control does exist in this court to summarily discharge the levy on the personal property. \* \* \*"

The judgment having been paid and the execution having been returned satisfied the processes of this court were not any longer in operation; and, consequently, the monies had passed beyond the power of this court in this action.

This is supported by the court in *Century Transit Co.* v. *Public Service,* 117 *N. J. Eq.* 520, 524; 176 *Atl. Rep.* 719, "The court of law out of which the process of execution has issued possesses a summary jurisdiction to control its own process; that jurisdiction is of an equitable nature for the purpose of preventing its own judgments and processes from being the means of working injustice; and that jurisdiction of the law court exists until the process has been finally executed. After the process has been finally executed and the law court has thereby become unable to grant the relief sought, this court, may in proper circumstances, afford a remedy."

Order dismissed.