SALLIE T. LUDLAM

*v.*

PENNSYLVANIA REALTY COMPANY OF NEW JERSEY et al.

[Submitted March 5th, 1914. Determined March 5th, 1914.]

Equity will not entertain a bill to set aside a sale of real estate under process of a law court, unless a deed has been executed, since a law court has a summary jurisdiction of an equitable nature to prevent its own judgments from being the means of working injustice, which jurisdiction exists until the process has been finally executed.

---

On demurrer of defendants Corson and Mason to amended bill.

*Mr. Matthew Jefferson,* for the complainant.

*Mr. James M. E. Hildreth,* for the demurrants.

LEAMING, V. C.

At the hearing of a demurrer filed to the original bill it was pointed out that this court will not entertain a bill to set aside a sale of real estate which has been made under process issued by a law court unless a deed has been executed and the legal process has been thus fully executed. The reason for this rule is that a law court possesses a summary jurisdiction of an equitable nature for the purpose of preventing its own judgments and processes from being the means of working injustice, and this jurisdiction of the law court exists until the process has been finally executed. See *Miller* v. *Barber, 73 N. J. Law 38; Palladino* v. *Hilpert, 72 N. J. Eq. 270; Marr* v. *Marr, 73 N. J. Eq. 643* (at *p. 654*). The demurrer to the original bill was accordingly sustained in part for that reason.

The amended bill, like the original bill, fails to disclose whether the sheriff's deed has been delivered. As the sheriff is made a party defendant the presumption is that the process has not been fully executed and is still subject to the control of the law court out of which it has issued.

I will advise an order sustaining the demurrer.