MARGATE COMPANY

*v.*

ANNIE E. HAND et al.

[Submitted June 15th, 1916. Determined June 23d, 1916.]

The law court possesses summary jurisdiction of equitable nature to control its own process of execution, and until it has been finally executed and such court cannot give other relief, chancery will not enjoin execution on the mere ground that a description of the property in the notice of sale is inadequate.

On bill for injunction. On hearing on return of order to show cause.

*Messrs. Godfrey & Read,* for the complainant.

*Mr. William M. Clevenger,* for the defendants.

LEAMING, V. C.

The bill herein has been filed for the purpose of procuring an injunction restraining a sale of complainant's land by the sheriff of Atlantic county under a writ of execution issued out of the Atlantic county circuit court. The bill avers that the notices of sale describe the land to be sold as follows: "All real estate owned by Margate Company, in the city of Margate, or elsewhere in the county of Atlantic, in the State of New Jersey, and also any interest of any kind or character which the said Margate Company has in lands and real estate in Margate City or elsewhere in Atlantic county, New Jersey." The bill avers that this is an insufficient description to identify the land to be sold or to sufficiently apprise prospective purchasers of the land intended to be sold and is for that reason operative to cause irreparable injury to complainant.

The only ground of relief presented by the bill is inadequacy of description. No fraud or inequitable conduct is alleged. The injury which may result from a sale, the notice of which is in the language above quoted, is made the sole ground for this court to interfere with or prevent a judicial sale under a process of execution issued out of a court of law.

I am unable to find justification for such interference on the part of this court. The court of law out of which the process of execution has issued possesses a summary jurisdiction to control its own process; that jurisdiction is of an equitable nature for the purpose of preventing its own judgments and processes from being the means of working injustice, and that jurisdiction of the law court exists until the process has been finally executed. After the process has been finally executed, and the law court has thereby become unable to grant the relief sought, this court may, in proper circumstances, afford a remedy; but

I am unable to find justification for interference by this court in a case of this nature so long as the execution of the process is under the full and complete control of the law court with power in that court to exercise a summary jurisdiction of an equitable nature for the purposes already stated. *Miller* v. *Barber, 73 N. J. Law 38; Palladino* v. *Hilpret, 72 N. J. Eq. 270; Marr* v. *Marr, 73 N. J. Eq. 643* (at *p. 654*); *Ludlam* v. *Pennsylvania Realty Co., 83 N. J. Eq. 130.* The procedure of the law court in such cases on an order to show cause, as in *Canfield* v. *Browning, 69 N. J. Law 553,* is simple and expeditious; should this court be deemed to possess a concurrent jurisdiction, no justification can be found for its exercise in a case based wholly upon the claim that a notice of sale under a writ of execution issued out of a law court is inadequate.

I will advise an order discharging the order to show cause.