Joseph Sapinsky, complainant-appellant,

*v.*

Gilbert Stout et al., defendants-respondents.

[Argued May 17th, 1927. Decided October 17th, 1927.]

1. A court of equity will set aside a sheriff's sale, on proper terms, even if there has been no fraud, where there is gross inadequacy of price, and the party, by reason of mistake or misapprehension, did not attend the sale, and the sacrifice was caused by such mistake or misapprehension. Citing *Raphael* v. *Zehner, 56 N. J. Eq. 836.*

2. It is error requiring reversal of a decree striking out a bill of complaint alleging facts which, if true, present a cause of action within the foregoing rule.

---

On appeal from a decree of the court of chancery advised by Vice-Chancellor Buchanan.

*Mr. George W. C. McCarter,* for the appellant.

*Mr. Amos M. Waln,* for the respondents.

The opinion of the court was delivered by

Campbell, J.

On or about September 11th, 1923, an action in attachment was commenced in the Somerset county circuit court by the respondent Gilbert Stout against the appellant, who,

upon learning of the proceeding against him, engaged an attorney to defend the action because, he contended, it was founded upon an unjust claim. Appellant was in communication with his attorney from time to time thereafter, and again, on January 22d, 1924, instructed him to oppose the action. Appellant heard nothing from his attorney and knew nothing as to the status of the action until August 8th, 1925, when he learned that certain real estate, owned by him, had been sold by the sheriff of Somerset county under an execution issued in such attachment proceeding; that on April 1st, 1924, an assessment of damages had been made showing respondent Stout's damages in such attachment proceeding to be $124.83, and that a *fieri facias de bonis et terris* under a judgment entered in such action had issued to such sheriff commanding him to make the said sum of $124.83, together with costs, amounting, in total, to $163.03; that the sheriff advertised for sale appellant's lands, and on July 27th, 1925, sold them to respondent Stout, the plaintiff in attachment, for $168.03, although at all times between the entry of judgment and the date of sale of the real estate there was, on the premises, personal property belonging to the appellant of a value more than enough to make the full amount required under the execution; that appellant did not attend such sale and had no notice of it, and was entirely ignorant that a judgment had been entered against him, or an execution issued or any proceedings taken thereunder until August 8th, 1925; that the property sold consisted of eight and one-half acres of land with a dwelling house containing sixteen rooms, purchased by appellant in 1922 for $3,800, upon which, since its purchase, he had expended large sums for additions and improvements, so that the property sold under the writ of execution for $168.03 was worth, at least, the sum of $22,000; that subsequent to August 8th, 1925, appellant was advised by the attorney for the respondent Stout that a deed for said lands had been delivered to him by the sheriff; that appellant inquired what sum Stout would take and reconvey the lands to appellant, and he first demanded $1,500, and later reduced his demand to $1,200, and, although appellant offered to pay more than the amount of the judgment, interest

and costs, respondent Stout refused to reconvey for less than $1,200.

Appellant filed a bill of complaint setting up the foregoing situation and facts and praying that the sale be set aside; that the deed from the sheriff to Stout be set aside and that appellant have such other and further relief as may be just. A motion to dismiss the bill was made, upon notice, upon the grounds that it shows nothing calling for equitable relief; no fraudulent, improper or inequitable conduct on the part of the defendants; that complainant was in laches; that the situation against which complainant prays relief was occasioned by his own negligence; it is not shown that the sale was for a grossly inadequate consideration; the acts of the defendants have been regular and proper; that the court of chancery will not take jurisdiction of the matters set forth; that proper tender is not shown to have been made and no cause of action is shown.

This matter was heard, apparently, on the bill alone, without proofs on either side, because no proofs are returned in the state of case. The vice-chancellor, who heard the matter, advised a decree dismissing the bill of complaint upon the ground that it disclosed no cause of action.

From the memorandum of the learned vice-chancellor it appears that he reached his conclusion upon the ground that, although it is asserted in the bill that the property is worth $22,000, there is no allegation that there are no other liens or encumbrances on the land; that if the appellant suffered damage it was the result of his own default or that of his attorney; that he may have ground for action against his attorney, or that he may have grounds upon which to apply to the Somerset county circuit court for relief.

We think that the learned vice-chancellor fell into error. The allegation of the bill is that the lands are worth $22,000, and were sold for $168.03, which was grossly inadequate. It is true that the bill does not allege or show whether or not the lands were encumbered by mortgage or other liens, but for failure to so allege there is no presumption in favor of encumbrances. Appellant was without any relief that could be accorded by the circuit court, because the deed from the

sheriff, in execution of his writ, had been delivered before appellant discovered the situation, if the allegations of the bill are true. That he may have a cause of action against his attorney for malfeasance or neglect does not bar him from his equitable remedy if one he has, and such remedy this court has held exists. A court of equity will set aside a sheriff's sale on proper terms, even if there has been no fraud, where there is gross inadequacy of price, and the party, by reason of mistake or misapprehension, did not attend the sale, and the sacrifice was caused by such mistake or misapprehension. *Raphael.* v. *Zehner, 56 N. J. Eq. 836.*

We think the bill contains facts presenting a cause of action, and should not have been dismissed.

The decree below is therefore reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.