J. ALEXANDER PIGNONE, PLAINTIFF-RESPONDENT, v. LOUIS BROOKS, SARAH BROOKS, DEFENDANTS-APPELLANTS; HARRY BROOKS AND JOSEPH WIENER, DEFENDANTS.

Argued January 19, 1938—Decided May 14, 1938.

Before Justices CASE and DONGES.

For the defendants-appellants, *A. Albert Eichler* and *Arthur E. Dienst.*

For the plaintiff-respondent, *Carl & William Abruzzese.*

The opinion of the court was delivered by

DONGES, J.  Plaintiff sued to recover the sum of $358.28, claimed to be the balance due to plaintiff for legal services rendered by himself and Frank Calabrese, both attorneys-at-law, to defendants.  Calabrese assigned his interest in the claim to plaintiff.

The state of the case discloses that the claim was unliquidated and that the trial judge found that the value of the services was as claimed by plaintiff.  It further shows that a suit was brought by plaintiff, and that said suit was settled upon terms contained in a paper marked *Exhibit D-1,* which is as follows:

"April 17, 1936.

Received from Louis and Sarah Brooks and Harry Brooks the sum of fifty ($50.00) dollars cash and promissory note of Harry Brooks for fifty ($50.00) dollars, in consideration of which J. Alexander Pignone promises and agrees to refrain from prosecuting any action against the said parties in the case of Pignone vs. Brooks et als. It is expressly understood that the within agreement is not a release and is not to constitute or be interpreted to release any claim against Joseph Wiener. It being intended that the above sum is in satisfaction and settlement of any claim against the above parties only.

HARRY BROOKS    LOUIS BROOKS    J. ALEXANDER PIGNONE."

The present suit is against Louis Brooks, Sarah Brooks, Harry Brooks and Joseph Wiener.

Louis Brooks and Sarah Brooks defended, claiming that they had fully settled their claim and that the paper must be construed as a covenant not to sue them and that there was an acceptance by plaintiff of the cash paid and the note of Harry Brooks, on which $10 was paid, as a full release of appellants.

It has been held in this state that whether a note given for a debt, is payment, if not itself paid, depends upon the agreement of the parties.

In *Swain* v. *Frazier, 35 N. J. Eq.* 326, the late Chancellor Magie, speaking for the Court of Errors and Appeals, said:

"In 1853 Chancellor Williamson held that, whether a note given for a legacy, charged upon land of the maker, was to operate in payment of the legacy or not, was a question of the intention of the parties to the transaction. *Schanck* v. *Arrowsmith, 1 Stock.* 314. In *Shipman* v. *Cook, 1 C. E. Gr.* 251, Chancellor Green seems to admit the same rule as unquestionable. In *Freeholders* v. *Thomas, 5 C. E. Gr.* 39, Chancellor Zabriskie said that it was well settled that a note, either of the debtor or a third person, received for a debt, is not payment, if not itself paid, except in cases where it is positively agreed to be received in payment. The same prin-

ciple was applied by Vice-Chancellor Van Fleet in *Hutchinson* v. *Swartsweller,* 4 *Stew. Eq.* 205. Under such circumstances it would be questionable whether, if there were doubts respecting the rule, it would be wise at this day to attempt to modify or reverse it."

"Sound sense would seem to permit an obligee to liquidate his damages, and by accord to take whatever he might please to take in satisfaction of them." *Morris Canal* v. *Van Vorst,* 21 *N. J. L.* 109.

The state of the case does not disclose any testimony to explain or contradict the writing, which states that the payment of $50 in cash and a promissory note of Harry Brooks "is in satisfaction and settlement of any claim against the above parties only." All of the things required by the writing to be done were done, so far as appellants are concerned. In the absence of any proof to the contrary, and none appears, we conclude that the trial judge erred in holding that there was a breach of the agreement by the appellants, Louis Brooks and Sarah Brooks.

It is the undoubted law that a promissory note, given for an antecedent debt, in the absence of an agreement to that effect, does not discharge the debt, but extends the credit until the note matures. *Fry* v. *Patterson,* 49 *N. J. L.* 612; *Taylor* v. *Wahl,* 72 *Id.* 10. Nothing appears in the case as to when the note of Harry Brooks fell due. For all that appears, it may not have been due when the suit was begun.

Where, as here, an unliquidated demand for compensation for services is made, and the parties execute a written settlement and acquittance in consideration of the payment of cash and the delivery of a promissory note of one of the parties against whom the claim is made, it was error to hold as a matter of law that the settlement agreement was breached by the non-payment of the note in the absence of any showing that the agreement was to be effective only if the note were paid.

The judgment as to appellants, Louis Brooks and Sarah Brooks, is reversed, and a new trial awarded, costs to abide the event.