12 N.J. Super. 140 (1951)
79 A.2d 82
ANTHONY MASI, PLAINTIFF-APPELLANT,
v.
WILLIAM R. MESTICE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 5, 1951.
Decided February 20, 1951.
*142 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. Leslie S. Kohn argued the cause for the appellant (Mr. Frank G. Masini, attorney).
Mr. William R. Mestice argued pro se.
The opinion of the court was delivered by JAYNE, J.A.D.
To trace in detail the many evolutions of this case from the Essex County Court of Common Pleas in which a final judgment was entered on November 20, 1947, in favor of the plaintiff, to the Appellate Division, where the judgment was affirmed (4 N.J. Super. 452), to the Supreme Court, 3 N.J. 380, and to the threshold of the Supreme Court of the United States, and return, would be informational but of little relevancy to the subject matter of the present appeal.
Now comes before us for review an order of the Essex County Court annulling a sale of the defendant's real estate on October 25, 1949, by the sheriff of Essex County made under the authority of a writ of execution which was issued on November 26, 1947, in pursuance of the final judgment.
In approaching the consideration of the present appeal, there are three recognizable postulates of major legal significance. They are that the process of execution issued out of a court of law, the property sold was real estate, and the summary proceeding in the County Court in which the order setting aside the sale was made, was conducted after the delivery of the deed by the sheriff.
There is abundant authority to sustain the general rule that courts of law possess the power of control over their *143 own processes and doubtless the power to annul and set aside a sale of personal property made under the process of execution where the process has been so used as to accomplish fraud, injustice, or oppression. Voorhis v. Terhune, 50 N.J.L. 147 (E. & A. 1887). The reason for the general rule is that a law court possesses a summary jurisdiction of an equitable nature for the purpose of preventing its own judgments and processes from being the means of working injustice, but this jurisdiction, certainly in case of the sale of real estate, expires when the process has been finally executed by the delivery of a deed to the purchaser.
In Marr v. Marr, 73 N.J. Eq. 643 (E. & A. 1908), Chancellor Pitney speaking for our former Court of Errors and Appeals explained (on p. 654): "An important and perhaps controlling circumstance is that in the outcome the property sold for only half its value. We cannot agree with the learned vice-chancellor that it is a sufficient answer to this to say that the law court from which an execution issues can set the sale aside for inadequacy of price. He cites Palladino v. Hilpert, 72 N.J. Eq. (2 Buch.) 270. In that case application was made to the court of chancery to restrain the sheriff from delivering the deed. In that juncture the application might have been made to the court out of which the execution had issued. After the delivery of the deed it is, of course, too late to do this. Where the law court sets aside a sale made under its process, it does so in the exercise of its equitable, not of its common, law powers. See Miller v. Barber, 73 N.J.L. (44 Vr.) 38, and cases cited. But these equitable powers are only incidental to the control which the court has over its own process of execution, and do not survive after the writ is fully executed. After the deed has been delivered to the purchaser, any application to set it aside for inadequacy of price must necessarily be made to the court of chancery, which court, in the exercise of its independent equitable powers, may either set aside the deed or treat the grantee as a trustee for others to the extent that he has reaped an undue profit from the transaction at their expense."
*144 In Ludlam v. Penna. Realty Co., 83 N.J. Eq. 130 (Ch. 1914), Vice-Chancellor Leaming remarked: "This jurisdiction of the law court exists until the process has been finally executed. * * * The amended bill, like the original bill, fails to disclose whether the sheriff's deed has been delivered." See, also, the decision of the same learned vice-chancellor in Margate Co. v. Hand, 86 N.J. Eq. 314 (Ch. 1916).
This limitation of the power of the court of law received more recent confirmation in the decision of Sapinsky v. Stout, 101 N.J. Eq. 813 (E. & A. 1927), in which it was stated (on p. 815): "Appellant was without any relief that could be accorded by the Circuit Court, because the deed from the sheriff, in execution of his writ, had been delivered before appellant discovered the situation, if the allegations of the bill are true."
The inadequacy of the remedy at law after the process had been finally executed was recognized in Century Transit Co. v. Public Service, &c., Inc., 117 N.J. Eq. 520, 524 (Ch. 1935).
In Karel v. Davis, 122 N.J. Eq. 526 (E. & A. 1937), Justice Heher was cautious to say, "And courts of law likewise possess inherent equitable powers to so control their executory process as to prevent injustice."
The observance of this qualification of the jurisdiction at law is not confined to New Jersey. For example, the following quotation is taken from Home Owners' Loan Corp. v. Edwards, 329 Pa. 529, 198 A. 123 (Sup. Ct. Penna. 1938): "After delivery of the deed a petition to set aside a sheriff's sale cannot be considered. Media Title & Trust Co. v. Kelly, 185 Pa. 131, 39 A. 832, 64 Am. St. Rep. 618; Tonge v. Radford, 103 Pa. Super. 131, 156 A. 814. As stated in Knox v. Noggle, supra, `A weakening of the rule * * * would seriously impair the stability of titles acquired through sheriff's sales.' The petition in this case was presented in proper time."
Another, from Beckman v. Altoona Trust Co., 2 A.2d 826 (Sup. Ct. Penna. 1938): "The proceeding was started after the acknowledgment of the sheriff's deed in open court, and *145 delivery to appellee. The proper procedure to set aside a sheriff's sale for inadequacy of price or irregularity is by petition and rule to show cause before acknowledgment of the deed. Knox v. Noggle, 328 Pa. 302, 304, 305, 196 A. 18. After the acknowledgment of the deed it is too late to raise these questions. If title is claimed by another, ejectment is the proper remedy to determine that question. Where there is fraud and collusion affecting the purchaser, equity can redress the wrong, but there is no such averment in this bill. See Evans v. Maury, 112 Pa. 300, 313, 314, 3 A. 850; Media Title & Trust Co. v. Kelly, 185 Pa. 131, 134, 39 A. 832, 64 Am. St. Rep. 618."
Still another, from Petition of Westmoreland County Com'rs., 155 Pa. Super. 138, 38 A.2d 709 (Superior Ct. Penna. 1944): "The Supreme Court in Evans v. Maury, 112 Pa. 300, 3 A. 850, held that the lower court had no power in a summary proceeding, as upon a rule to show cause to set aside a sheriff's sale, to compel a purchaser to surrender possession of the land and to deliver his deed therefor; that the purchaser's title was good until it was proved to be procured by fraud upon the defendant in the execution, and this must be done either in an action of ejectment or bill in equity."
"While there are decisions authorizing a motion to set aside the sale after the execution of a sheriff's deed, it is generally held that equity has exclusive jurisdiction of a bill to set aside a sale where the sale has been followed by a deed from the sheriff, since a court of law is incompetent to decree the cancellation of such deed and thus remove the cloud it casts on the title, unless there was no judgment or execution, or the court had no jurisdiction to render the judgment. It has been held that a suit in equity does not lie unless a sheriff's deed has been executed." 23 C.J. 686, § 680.
"But after delivery of the deed, the law power of the court, in that respect, ceases, and equity only can set the sale or deed aside, on proper showing and proceedings for that purpose set on foot." Rorer on Judicial Sales 365, § 965.
The basic reason for the exclusion of summary proceedings in such exigencies after the consummation of the execution *146 sale of real estate is obvious and continues to retain its vitality in our present rules of civil practice and procedure. Rule 3:77-5 provides: "In all cases where a sheriff or coroner is authorized or ordered to sell real estate, he may deliver a good and sufficient conveyance in pursuance of the sale, unless a motion for the hearing of an objection to the sale is served upon him within 10 days of the sale or at any time thereafter before the delivery of the conveyance." (Italics ours.)
The numerous decisions such as Federal Title, &c., Guaranty Co. v. Lowenstein, 113 N.J. Eq. 200 (Ch. 1933), involving objections to the confirmation of Chancery foreclosure sales are not germane to the subject of immediate discussion.
The foregoing leads to the consideration of the equitable jurisdiction of the County Court under the present Constitution and existing legislation. Article VI, Sec. IV, paragraphs 4 and 5.
Initially we observe that there was no element of fraud on the part of the plaintiff that could have entitled the judgment debtor to equitable relief at law in the County Court. The following excerpt from the opinion of the judge is informative in that respect: "True it is that the plaintiff's motives have been above reproach in putting off the day when the law by its process would exact such satisfaction from the defendant as his property would yield. It is my conviction that the plaintiff was in constant hope that the defendant would some time abandon his truculent attitude, pay the judgment, and avoid the expense and hazard of forced sale. But he was mistaken in his appraisal of the defendant's character and attitude. The defendant merely used the time bustling and bumbling in and out of courts, his mind intent only on defeating the law, not on expediting it. At least two of the adjournments were granted at the defendant's request through the agency of others and, as appears likely, on misrepresentations."
The consolidation of the former criminal, civil, and probate jurisdiction in the County Court is well known. The augmentation of its civil jurisdiction to receive and determine equitable defenses and in consequence to grant both legal and equitable relief in controversies properly within its jurisdiction *147 is now recognized in the abstract. Cf. Miske v. Habay, 1 N.J. 368 (1949). It suffices to state that in our opinion in issuing a rule to show cause confined to why the sheriff's deed of conveyance theretofore delivered should not be set aside, the County Court sought to entertain a purely equitable cause of action beyond the range of its jurisdiction.
Our conclusion that the County Court was without jurisdiction to make the order here under review renders it unnecessary to determine the legal sufficiency of the grounds upon which the order was granted. However, since one of those grounds materially implicates the stability of titles to real estate derived from sales conducted by sheriffs in pursuance of the pertinent statutory authority, we are constrained to divulge that we do not concur in the construction placed by the county judge upon R.S. 2:26-134 and 135. It was the interpretation of the county judge that sec. 135 had no bearing on the construction of sec. 134. But see, Pat. Laws 370.
Order reversed.