136 N.J. Super. 476 (1975)
346 A.2d 632
FRANKLIN STATE BANK, A BANKING CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
KARL PARKER AND TRUDY PARKER, HIS WIFE, DEFENDANTS.
Superior Court of New Jersey, District Court, Union County.
October 10, 1975.
As Amended November 6, 1975.
*478 Mr. Daniel S. Bernstein for plaintiff (Messrs. Sachar, Bernstein and Rothberg, attorneys).
Mr. Karl Parker pro se.
COLEMAN, J.C.C., Temporarily Assigned.
This is an action by the secured creditor for an alleged deficiency due after the sale of a repossessed automobile it had previously sold. Defendant, appearing pro se, raised three defenses: *479 (1) improper notice of sale; (2) the sale of the automobile was not in a commercially reasonable manner, and (3) fraud.
The facts are as follows:
In April 1974 plaintiff repossessed the automobile for delinquent payment. After repossession defendant negotiated with plaintiff a new payment schedule and then defendant regained possession. In June 1974 defendant became newly delinquent in payments, and on June 20, 1974 plaintiff repossessed the automobile.
On June 26, 1974 defendant received notice that a private sale of the automobile would occur on June 29, 1974 at a designated time and place. On said date Carteret Auto Parts, Inc. was the only party that appeared at the sale and submitted a bid of $50. Plaintiff, feeling that this bid was low, held the automobile over three months, until October 1, 1974, allegedly waiting for additional bids. Not having received further bids, plaintiff sold the automobile to Carteret Auto Parts, Inc. for $50.
It further appears that when the automobile was offered for sale on June 29, 1974 it was not mechanically operational because defendant and his son were giving the automobile a tune-up, and the spark plugs, points and condensor had been removed preparatory to installation of new ones. The air filter also had been removed and placed on the floor of the garage near the automobile. This was the condition of the automobile when it was towed from defendant's garage.
At no time before or after the repossession did plaintiff make any attempts to determine, by inspection or otherwise, why the automobile was not mechanically operational. The most routine observation under the hood of the automobile by one slightly familiar with the trade would have detected the missing parts.
After plaintiff repossessed the automobile on June 20, 1974, defendant inquired of plaintiff if he could buy the automobile. The essence of the plaintiff's response was that *480 defendant could not buy the automobile at the private sale. While this response effectively precluded the defendant from protecting his financial interest in the chattel, the Court is not persuaded that there was fraud involved.

I
We turn next to defendant's contention that the plaintiff failed to give reasonable notification of sale thereby violating the commercial reasonableness limitation of N.J.S.A. 12A:9-504(3). Though reasonable notice is not defined under the Uniform Commercial Code, official comments suggests that "at a minimum it must be sent in such time that persons entitled to receive it will have sufficient time to take appropriate steps to protect their interests by taking part in the sale or other disposition if they so desire."
Furthermore, the court recognizes that the Uniform Commercial Code provision for notice to debtor of proposed disposition of property should be construed and applied in a manner to effectuate the salutary purpose of protecting debtor.
It is axiomatic that "process which is a mere gesture is not due process The means employed must be such as one desirous of actually informing the absentee might reasonably adopt." Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950).
More specifically, in the context of repossessed collateral, the purpose of notice is to enable the debtor to protect his interest in the property by paying the debt, finding a buyer or being present at the sale to bid on the property or have others do so, to the end that it not be sacrificed by a sale at less than its true value. Mallicoat v. Volunteer Finance and Loan Corp., 57 Tenn. App. 106, 415 S.W.2d 347 (App. Ct. 1966).
In the case sub judice, the defendant debtor was given only three days notice of the impending private sale of the *481 automobile, which is hardly sufficient to make the necessary arrangements for protection of his financial interest in the collateral. In Baber v. Williams Ford Co., 239 Ark. 1054, 396 S.W.2d 302 (Sup. Ct. 1965), the court found seven days notice presented a jury question on the ultimate issue of commercial reasonableness. Accordingly, in light of the stated purpose of N.J.S.A. 12A:9-504(3), this court finds that three days notice was not commercially reasonable under the circumstances here presented.

II
N.J.S.A. 12A:9-504(3) also imposes an affirmative duty on the plaintiff to dispose of the collateral in a commercially reasonable manner, which signified that disposition should be made in keeping with prevailing trade practices among reputable and responsible business and commercial enterprises engaged in same or similar business. See Old Colony Trust Co. v. Penrose Industries Corp., 280 F. Supp. 698, at p. 715 (E.D. Pa. 1968).
The court is mindful of the proposition that under N.J.S.A. 12A:9-507(2), mere inadequacy of price is insufficient in itself to establish that the resale was not commercially reasonable. See Fort Knox National Bank v. Gustafson, 385 S.W.2d 196 (Ky. Ct. App. 1964). But on the other hand, gross inadequacy of price considered in conjunction with insufficient notice has been held to be grounds for invalidating a sale of this nature. Sapinsky v. Stout, 101 N.J. Eq. 813 (Ch. 1927). Generally, a law court possesses a summary jurisdiction of an equitable nature for preventing its own judgments from being means of working injustice. Masi v. Mestice, 12 N.J. Super. 140 (App. Div. 1951).
The court finds that plaintiff failed to satisfy the "good faith" (N.J.S.A. 12A:1-203) and "commercially reasonable" standards required the plaintiff to at least make a casual inspection of the automobile to determine why the *482 motor would not mechanically operate. If it had done so, it would have been obvious that the spark plugs, points, condensor and carburator air filter were missing. The court takes judicial notice under Evid. R. 9(1) that eight spark plugs and a set of points can be purchased for less than $15. There would also be a labor charge to install these items. To dispose of the automobile for $50 because it was not operational when only minor repairs would have made the automobile mechanically operational is tantamount to conducting a sale in a manner that was not commercially reasonable.
The court hereby concludes that plaintiff has failed to establish that (1) it disposed of the automobile in a commercially reasonable manner and (2) the notice of the sale was reasonable. Under these circumstances, the burden of proof was upon plaintiff to prove that the sale resulted in the fair and reasonable value of the security being credited to the account of the defendant. Conti Causeway Ford v. Jarossy, 114 N.J. Super. 382 (Dist. Ct. 1971), aff'd 118 N.J. Super. 521 (App. Div. 1972) and T. & W. Ice Cream, Inc. v. Carriage Barn, Inc., 107 N.J. Super. 328 (Cty. Ct. 1969). The court finds that plaintiff failed to sustain this burden of proof.
It has been established that "when sufficient notice of sale is not given a presumption arises that the collateral is worth at least the amount of the debt ..." Barker v. Horn, 245 Ark. 315, 432 S.W.2d 21 (Sup. Ct. 1968). Plaintiff has failed to overcome this presumption. Additionally, the evidence in the case has convincingly demonstrated that the value of the automobile was at least equal to the claimed deficiency.
The court thus concludes, in view of this unwarranted and unconscionable departure from the express legislative purpose of N.J.S.A. 12A:9-504(3), the secured party must be deprived of his right to maintain a deficiency suit for failure to discharge the condition precedent of proper *483 notice. Baber v. Williams Ford, supra, Pacific Discount Co. v. Jackson, 68 N.J. Super. 331, 335 (App. Div. 1961); Bergen Auto Co. v. Mattarochio, 58 N.J. Super. 161, 165 (App. Div. 1959); Veterans Loan Authority v. Rozella, 21 N.J. Super. 1, 3-4 (App. Div. 1952).
Judgment is entered in favor of the defendant.