145 N.J. Super. 560 (1976)
368 A.2d 431
NEW JERSEY BANK, A NATIONAL BANKING ASSOCIATION, PLAINTIFF,
v.
CATHERINE D. GREEN, FREDERICK PORTER AND HARRY NARDI, INDIVIDUALLY AND TRADING AS HARRY NARDI AGENCY, DEFENDANTS.
Superior Court of New Jersey, District Court  Camden County.
November 9, 1976.
*561 Mr. Charles J. Simoldoni for plaintiff New Jersey Bank (N.A.) (Messrs. Jerome, Alper and Alper, attorneys).
Mr. Herbert O. Brock, Jr. for defendant Catherine Green (Camden Regional Legal Services, Inc., attorneys).
TALBOTT, J.C.C., Temporarily Assigned.
This is an action brought by New Jersey Bank (hereinafter bank) to recover *562 the balance due on a purchase money note after default by defendant Catherine Green. Defendant contends that no deficiency is due since the bank acted in a commercially unreasonable manner in the disposition of the collateral which secured the note. The Bank released the collateral to the State upon claim it was a stolen vehicle. The action against defendants Frederick Porter and Harry Nardi was dismissed at trial after plaintiff's presentation because it was unable to prove that the car was stolen.
In order to finance the purchase of a 1968 Oldsmobile Cutlass, Green executed a note on February 5, 1972 in the amount of $1,490.16, to be paid in 24 monthly installments of $62.09. As part of the same transaction Green gave the Bank a purchase money security interest in the car. After paying one installment Green defaulted. The bank repossessed the car on May 18, 1972, notified Green of the repossession and gave her notice of sale. On June 10, 1972 the bank sold Green's car for $900 at a public sale. The buyer made a deposit of $100. The Bank advised Green that the proceeds of the sale would be credited against her remaining indebtedness of $1,428.07, leaving a balance due of $528.07 plus costs of repossession and sale. However, before the car was transferred to the buyer, the State Police examined it on July 14, 1972 and informed the bank that the car was stolen. The bank did not demand proof of that statement from the State Police and did not request advice of counsel before turning the car over to the State Police. Nor was an independent determination requested of the Director of Motor Vehicles that the car was stolen. No notice of the seizure by the State Police was given to Green. Thereafter the bank demanded the full amount due from Green of $1,428.07 minus a rebate of $108.39, plus repossession expenses of $25.00, leaving an indebtedness of $1,344.68.
The issue to be determined is whether the bank's disposition of Green's collateral by surrendering it to the State Police upon oral request without requiring proof that the car was stolen, without notice to Green of the seizure of *563 the car by State Police and subsequent failure of the repossession sale, and without defending the title to the car, was "commercially reasonable" within the meaning of N.J.S.A. 12A:9-504(3). There are no reported New Jersey cases on this point.
Under N.J.S.A. 12A:9-504(3) every aspect of a secured party's disposition of a debtor's collateral, "including the method, manner, time, place and terms must be commercially reasonable." Further, the secured party has a duty to notify the debtor of disposition of the collateral. N.J.S.A. 12A:9-504(3). This notice requirement specifically includes not only public and private sales but every other intended disposition.
N.J.S.A. 39:5-47 outlines the procedures whereby the Commissioner may seize a vehicle believed to have been stolen. If it is not claimed by the owner within 90 days, the statute further outlines the procedures for public sale of the vehicle. In Kutner Buick, Inc. v. Strelecki, 111 N.J. Super. 89 (Ch. Div. 1970) Judge Wick noted:
Procedural due process would seem to require notice to those interested in the property that there has been a seizure and to offer them an opportunity to be heard at a hearing.
Since N.J.S.A. 39:5-47 is devoid of provisions for either, this court, following Farley [Farley v. $168,400.97, 55 N.J. 31], will interpret the statute as requiring the state to give notice to all parties having an interest in the seized motor vehicle. A hearing must then be held by the Commissioner or in the courts, at which time the state must prove that the vehicle in question has been stolen, with interested parties having the opportunity to present opposing evidence and cross-examine the state's witnesses. Only after a decision in favor of the State and after appeal or the time for appeal has expired does the state have the right to dispose of the vehicle pursuant to the statute. [at 102]
Obviously Green was deprived of these procedural protections when the bank failed to give her notice of the seizure of the vehicle by the police. Had she been given notice, she could have defended title to her car at a hearing. The bank's behavior not only demonstrated total apathy in protection of *564 the debtor's collateral, but effectively precluded the debtor from availing herself of the procedural rights of N.J.S.A. 39:5-47. At trial the bank attempted to prove the car was stolen but did not have sufficient competent evidence. Therefore, this car has never been proven a stolen car at a hearing by the Commissioner or in the courts.
Under the "commercially reasonable" standard N.J.S.A. 12A:9-504 courts have repeatedly castigated financing agents who have repossessed collateral and disposed of it without giving the debtor sufficient notice, Conti Causeway Ford v. Jarossy, 114 N.J. Super. 382 (Cty. D. Ct. 1971), aff'd 118 N.J. Super. 521 (App. Div. 1972); without giving notice to an accommodation endorser, T & W Ice Cream, Inc. v. Carriage Barn, Inc., 107 N.J. Super. 328 (Law Div. 1969), and without construing the notice provision so as to protect the debtor, Franklin State Bank v. Parker, 136 N.J. Super. 476 (Cty. D. Ct. 1975).
This court holds that a secured party has an affirmative duty to give notice to a debtor when the collateral has been seized with the possibility of forfeiture. Here the bank's actions fall short of meeting the burden of proof that falls on them as the secured party in establishing that they have disposed of the debtor's collateral in a commercially reasonable manner within the meaning of N.J.S.A. 12A:9-504(3).
Defendant is entitled to a credit of $900 on the indebtedness owed to the bank from the proceeds of the nonconsummated public sale of her automobile. Plaintiff is entitled to costs of seizure. Judgment for plaintiff in the amount of $444.68.