In re SEVERANCE TRUCK LINE, INC., Debtor.

Bankruptcy No. 81–504–BK–J–GP.

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Dec. 23, 1983.

Karen K. Specie, Keystone Heights, Fla., for debtor.

Douglas H. Morford, Jacksonville, Fla., for Transport Acceptance Corp.

Victor E. Raymos, Jacksonville, Fla., for Trustee.

## ORDER AND OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This cause comes before the Court on the motion for valuation of collateral filed by Charles Severance, a principal of the debtor. The collateral at issue, a truck, was repossessed by, offered for sale by, and ultimately purchased for $2,000 by Transport Acceptance Corporation. Severance has been, by virtue of his guarantee of the debts of Severance Truck Lines, at risk of being held liable in state court for an unsecured deficiency of $5,677.47, i.e., the difference between the net pay-off prior to sale of $7,677.47 and the sale proceeds of $2,000.

An evidentiary hearing was held on November 1, 1983; following the hearing, the parties were requested to submit briefs, which they have done.

The paramount issue is whether the sale complied with the provisions of F.S. 679.504 and F.S. 679.507 (U.C.C. §§ 9–504 and 9–507), which place on a repossessing creditor a duty of making commercially reasonable disposition of collateral. Commercial reasonableness is not defined in the U.C.C.; elements suggested by the statutes or used by courts include the appropriateness of the mode of sale, time and place of sale, adequacy of advertising, appropriateness of wholesale versus retail disposition, etc. See Clark, *The Law of Secured Transactions Under the Uniform Commercial Code,* § 4.8.

We need not consider all aspects of the sale in that Transport Acceptance in one instance acted in a manner clearly not in conformity with F.S. 679.504. The evidence is undisputed that when Transport Acceptance took possession of the truck in Lake City following this Court's modification on May 19, 1982, of the automatic stay, the truck was in running condition, and equally undisputed that when the truck was sold in Tampa on July 8, 1982, it was not in running condition.

F.S. 679.504 permits the repossessing party to dispose of collateral "... in its then condition or following any commercially reasonable preparation or processing." This Court finds as a matter of law that while "then condition" may extend to any condition existing at the time of repossession, (we note that there is some authority that where minor repairs are likely to effect a disproportionately large increase in the ultimate sale price, commercial reasonableness requires that such repairs be undertaken before sale, see *Franklin State Bank v. Parker,* 136 N.J.Super. 476, 346 A.2d 632 (Dist.Ct., Union Cty., 1975)), "then condition" does not and cannot mean the condition of the collateral after the repossessing party has allowed it to deteriorate.

We find no cases whose factual background includes the deterioration of the collateral in the hands of the repossessing party. In the language of *Weiss v. Northwest Acceptance Corp.,* 274 Or. 343, 546 P.2d 1065 (1976), "... a secured party may sell the collateral in the condition it is in when the secured party gains possession, or may prepare it for sale, whichever is commercially reasonable." The options available to the repossessing party, by clear negative implication, do not include, except possibly in the instance of highly perishable goods, selling the collateral in a less favorable condition than existed at the time of repossession.

Failure to have collateral in condition at least as good as existed at the time repossession may or may not be per se commercially unreasonable; we need not reach that question. The facts in this case include a sale at a price which reflects at best wholesale value, to the repossessing creditor itself. While that course of conduct is not unusual and certainly not in itself sufficient to render an otherwise valid sale invalid, the inference of self-dealing that it raises is sufficiently strong that, in combination with the violation of F.S. 679.-504 discussed *supra,* we must conclude that the sale was commercially unreasonable.

We then look to F.S. 679.507, which establishes the repossessing party's liability for failure to make a sale in a commercially reasonable manner. That statute provides no formula for arriving at a measure of damages, but provides that (when a disposition not in accordance with Article Nine has taken place) the debtor has "a right to recover from the secured party any loss caused by a failure to comply...." The Florida judicial interpretation of what damages are owed a debtor appears in *Bank of Oklahoma v. Little Judy Industries,* 387 So.2d 1002 (Fla.App.1980), which holds that following a commercially unreasonable sale, the deficiency owing to the seller is limited to the difference between the amount of the debt and the fair market value of the collateral.

This Court has heard sufficient evidence, and has sufficient experience at valuation of collateral of the kind involved in this case, to place a fair market value on the truck without hearing further evidence. It is the finding of the Court that the fair market value of the subject truck was, at the time of repossession, $4,500. The amount owed prior to repossession was $7,677.47; thus, we find that the correct amount of the unsecured deficiency is $3,177.47.

ORDERED this 23 day of December, 1983, at Jacksonville, Florida.