323 So.2d 41 (1975)
Jack HEPWORTH and Marilyn Hepworth, Appellants,
v.
The ORLANDO BANK & TRUST COMPANY, Appellee.
No. 74-1793.
District Court of Appeal of Florida, Fourth District.
November 14, 1975.
Rehearing Denied December 29, 1975.
Lionel H. Silberman, Orlando, for appellants.
J. William Stefan, of Andrews, Smathers, Tepper & Kemp, P.A., Orlando, for appellee.
MAGER, Judge.
The issue presented in this appeal is whether a guarantor for the payment of a promissory note secured by collateral is a "debtor"[1] under the terms and provisions of the Uniform Commercial Code so as to be entitled upon default of the note to notice prior to the sale or disposition of the collateral; and, if so, whether failure by the secured party to give notice precludes the entry of a deficiency judgment against the guarantor.
The Jewell Citrus Company, Inc., of which defendant Jack Hepworth was vicepresident, signed an installment note through its president, one Herman, covering a loan in the amount of $28,000. Separate guarantees for the payment of the note were executed by the Hepworths and the Hermans. Simultaneous with the execution of the note, Jewell, acting through Herman, signed a chattel mortgage covering certain trucks owned by Jewell, apparently to serve as security for the note.
Jewell failed to pay an installment payment due on the note resulting in a default pursuant to which the collateral under the chattel mortgage was sold by the plaintiff-bank to satisfy the outstanding indebtedness. *42 The amount was insufficient and a demand was made upon the defendants, as guarantors, for the deficiency resulting in the action below and a judgment in favor of plaintiff bank. At trial the court struck defendants' affirmative defenses which sought to assert the failure of the bank (the secured party) to give the Hepworths notice of the sale of the collateral which failure defendants contended precluded the entry of the deficiency judgment.[2]
Upon a review of the Uniform Commercial Code, in particular sections 679.9-105(1)(d) and 679.9-504(3), F.S., cf. 679.9-504(5), F.S., we are of the opinion that defendants, as guarantors of a promissory note, were "debtors" within the meaning of the cited sections and entitled to reasonable notification prior to the disposition of the collateral; and that the failure to provide such notice precluded the entry of a deficiency judgment against defendants. Turk v. St. Petersburg Bank and Trust Company, Fla.App. 1973, 281 So.2d 534; T & W Ice Cream, Inc. v. Carriage Barn, Inc., 107 N.J. Super. 328, 258 A.2d 162 (Bergen Co. Ct. 1969).
Although the Turk and T & W Ice Cream cases are factually distinguishable (the closest being the T & W Ice Cream case involving an accommodation endorser), the rationale of these decisions and the analysis of the pertinent provisions of the Uniform Commercial Code lend persuasive support for the proposition that a "guarantor" is a "debtor" entitled to notice prior to sale of collateral. As the court pointed out in Turk, at p. 536,
"... [T]he language is clear that before a secured party (in this instance the bank) can obtain a deficiency against a debtor (in this instance Turk) the debtor must be given notice of what is about to occur. This is as it should be because the debtor in this instance, Turk, could have done many things. He could have purchased the automobiles himself; he could have paid the extent of the liability, i.e., $20,000; he could have secured purchasers for the automobiles. He was not afforded the opportunity to do anything. If the bank in this instance wanted to dispose of the collateral without judicial process or notice to the debtor as the statute provides, it may do so; but it is not then entitled to a deficiency against any debtor not so notified... ."
The guarantor stands in the shoes of the debtor not only with respect to liability for the payment or other performance of the general obligation but also in regard to the entitlement to notice prior to the sale of collateral. A sale of collateral without notice by a secured party effectively eliminates the options available to the guarantor, see Turk, supra, and defeats the rights which the guarantor is otherwise entitled to exercise. See 679.9-504(5), F.S. Apart from what we perceive to be the purpose and intent of the provisions of the code with respect to the rights and duties of a "debtor", *43 fundamental principles of equity and fairness urge that the secured party give a guarantor notice of the sale of collateral securing the promissory note. Cf. 679.9-507, F.S.
We therefore conclude that the trial court erred in striking the defendants' affirmative defense of notice. Accordingly, the final judgment is reversed and the cause remanded to the trial court with respectful directions to reinstate the affirmative defenses and proceed to determine whether notice was in fact given and for such other action as may be consistent herewith.
Reversed and remanded.
WALDEN, C.J., and CROSS, J., concur.
NOTES
[1] "679.9-105 Definitions and index of definitions

(1) In this chapter unless the context otherwise requires:
* * * * *
(d) `Debtor' means the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, . ..".
[2] Secured party's right to dispose of collateral after
 default; effect of disposition

* * * * *
(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, and except in the case of consumer goods to any other person who has a security interest in the collateral and who has duly filed a financing statement indexed in the name of the debtor in this state or who is known by the secured party to have a security interest in the collateral. The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale."