332 So.2d 645 (1976)
Haim ZERWAL, Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.
No. 75-1211.
District Court of Appeal of Florida, Third District.
May 25, 1976.
*646 Grover, Ciment, Weinstein, & Stauber and Craig G. Goodman, Miami Beach, for appellant.
Walton, Lantaff, Schroeder, Carson & Wahl and George W. Chesrow, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Plaintiff, Haim Zerwal, appeals an adverse final judgment entered in favor of defendant, State Farm Mutual Automobile Insurance Company, in an action to recover for lost wages under the PIP provision of his insurance policy.
On October 24, 1973, Mr. Zerwal sustained injuries when the car he was driving collided with a bicycle. He remained home from work through December 24 and upon his physician's advice, returned to work on December 26. On February 13, 1974 Mr. Zerwal's application to the Social Security Administration for permanent disability benefits was approved and on the same day he terminated his employment. In the meantime State Farm, pursuant to the PIP provision of Mr. Zerwal's policy, paid him $2,036.69 for medical expenses and 85% of his lost earnings from October 24 through December 24. Mr. Zerwal then demanded that State Farm pay him additional PIP benefits for lost wages from February 13, 1974 until the present time. State Farm refused and Mr. Zerwal sought recovery of these lost earnings. At the conclusion of trial, the judge instructed the jury as follows:
"You are instructed that as a matter of law the amount in dispute is not to exceed $2,963.31.
"This is determined as follows: The aggregate amount of coverage under the terms of the policy is $5,000. Of that amount, $2,036.69 has already actually been paid to date.
"If you find that the Plaintiff is entitled to any additional sums under the terms of the policy, you shall award any such additional amount up to a maximum of $2,963.31."
The jury returned a verdict for State Farm.
Appellant contends that the above instruction was erroneous in that his policy provided for $2,000 in excess medical coverage, and medical payments made pursuant to the PIP benefits should have been credited to the excess coverage allowing him to recoup the full $5,000 in lost wages.
If the instruction was erroneous, the error was harmless since the jury awarded Mr. Zerwal nothing.
The second point sought to be raised was not properly assigned as error and was raised for the first time on appeal in appellant's reply brief. Therefore, this second point cannot be considered.
Affirmed.