345 So.2d 806 (1977)
H.P. BONDURANT, Individually and D/B/a H.P. Bondurant Trucking Company, Appellant,
v.
BEARD EQUIPMENT COMPANY, Appellee.
No. BB-238.
District Court of Appeal of Florida, First District.
March 3, 1977.
*807 R. Brownlee Eggart, of Eggart & Hoffman, Pensacola, for appellant.
Charles C. Sherrill and Eric C. Eggen, of Sherrill & Moore, Pensacola, for appellee.
ERVIN, Judge.
This is an appeal by defendant Bondurant from a recovery of a deficiency judgment by plaintiff Beard for breach of a retail installment contract following trial by jury. Bondurant's sole point on appeal relates to the adequacy of notice following default, contending that prior to resale of the loader he should have received written notification from Beard of its intent to resell the machine. Beard sold Bondurant a second-hand front end loader for $15,000.00. Bondurant paid $1,250.00 down and signed a security agreement for the remainder. After using the loader in his dirt moving business for a short time, Bondurant returned it to Beard for engine repairs. When the repairs were completed, Bondurant was advised during a telephone conversation with Beard's sales manager that his loader was ready for removal. Beard's manager testified at trial:
"A. Well, he said he didn't want the 
* * * * * *
 the machine back and I could do what I want to with it. And at that time I told him we were going to take him to court 
Q. [Interposing] What about selling it, did you say anything to him about selling it?
A. I told him we was going to have to sell it and then take him to court for the difference.
Q. You specifically recall telling him you were going to have to sell the machine?
A. Yes, sir, I did.
Q. Where were you going to sell it?
A. Well, we was just going to sell it there at the place.
Q. Put it back on the lot and sell it?
A. Yes, sir."
About three months after the above conversation and without any further notification to Bondurant, the front end loader was sold by Beard to a retail customer for $14,500.00. Beard then filed suit against Bondurant seeking damages for costs of repair, expenses of resale and the $500.00 difference in the purchase price.
This case necessarily involves a construction of Section 679.504(3), Florida Statutes (1975) (Section 9-504, U.C.C.):
"Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, and except in the case of consumer goods to any other person who has a security interest in the collateral and who has duly filed a financing statement indexed in the name of the debtor in this state or who is known by the secured party to have a security interest in the collateral... ." (Emphasis added.)
Bondurant argues from the above statute and from the definition of the word "send", as set forth at Section 671.201(38), that written notice must be sent by the secured party before Beard was permitted to dispose of the collateral. Send is defined in Section 671.201(38) as follows:
"`Send' in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an *808 instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances. The receipt of any writing or notice within the time at which it would have arrived if properly sent has the effect of a proper sending."
Send in the above definition applies only to written notice. Notice under Section 679.504(3), however, need only be "reasonable". Compare 671.201(38), which seems to require notice in writing, with the following definitions of notice from 671.201(25), (26), and (27):
"(25) A person has `notice' of a fact when
(a) He has actual knowledge of it; or
(b) He has received a notice or notification of it; or
(c) From all the facts and circumstances known to him at the time in question he has reason to know that it exists. A person `knows' or has `knowledge' of a fact when he has actual knowledge of it. `Discover' or `learn' or a word or phrase of similar import refers to knowledge rather than to reason to know. The time and circumstances under which a notice or notification may cease to be effective are not determined by this code.
(26) A person `notifies' or `gives' a notice or notification to another by taking such steps as may be reasonably required to inform the other in ordinary course whether or not such other actually comes to know of it. A person `receives' a notice or notification when
(a) It comes to his attention; or
(b) It is duly delivered at the place of business through which the contract was made or at any other place held out by him as the place for receipt of such communications.
(27) Notice, knowledge or a notice or notification received by an organization is effective for a particular transaction from the time when it is brought to the attention of the individual conducting that transaction, and in any event from the time when it would have been brought to his attention if the organization had exercised due diligence."
There is no question but that Bondurant knew the loader would be sold. Bondurant has advanced no argument that the sale was not commercially reasonable. Bondurant testified that Beard's business included the sale of used equipment and therefore he had reason to know that Beard would place the loader back on its lot and offer it for sale. All that is required in the private sale of collateral is reasonable notification and there is no requirement of notice of the time and place of sale. 4 Anderson, Uniform Commercial Code, § 9-504:20 (2nd ed. 1971).
The only Florida case we have found involving an interpretation of Section 679.504(3) is Turk v. St. Petersburg Bank and Trust Company, 281 So.2d 534 (Fla. 2nd DCA 1973) in which the court merely held that before a deficiency judgment might be obtained against one of the debtors on a promissory note, such debtor first must be given notice of the intended sale of repossessed collateral. The judgment debtor, Turk, was never afforded any notice at all from the bank, so the precise question involving the method of notice was not reached.
There is a division of authority of out of state cases involving the type of notice required to be sent under Article nine of the Code. Oral notice to a debtor of the sale of collateral defaulted upon has been held sufficient in the following cases: GAC Credit Corp. v. Small Business Administration, 323 F. Supp. 795 (W.D.Mo. 1971); A.J. Armstrong Co. v. Janburt Embroidery Corp., 97 N.J. Super. 246, 234 A.2d 737 (1967); Crest Investment Trust, Inc. v. Alatzas, 264 Md. 571, 287 A.2d 261 (1972); Fairchild v. Williams Feed, Inc., 544 P.2d 1216 (Mont. 1976).
Those cases seeming to require written notice as a matter of law  DeLay First National Bank and Trust Co. v. Jacobson Appliance Co., 196 Neb. 398, 243 N.W.2d 745 (1976); Foundation Discounts, Inc. v. Serna, 81 N.M. 474, 468 P.2d 875 (1970)  in our view take an overly restrictive construction of reasonable notice.
*809 The purpose of notice under Section 679.504(3) is to enable the debtor to protect his interest by paying the debt, finding a buyer or being present at the sale to bid on the property or have others do so, to the end that it not be sacrificed by a sale at less than its true value. Franklin State Bank v. Parker, 136 N.J. Super. 476, 346 A.2d 632 (1975). Beard in this instance did not give notice of the exact time of sale because the loader was sold in the normal course of business. Bondurant, however, knew where the loader was and why it was being sold. He had three months to find a buyer for the equipment and in fact tried to do so. We hold under the particular circumstances of this case that the defendant's actual knowledge of the expected sale was sufficient reasonable notice.
At trial, the burden of proving notice was on the plaintiff who had peculiar knowledge of the facts. Mallicoat v. Volunteer Finance and Loan Corp., 57 Tenn. App. 106, 415 S.W.2d 347 (1966). The question of reasonable notice was for the jury to decide. Baber v. Williams Ford Co., 239 Ark. 1054, 396 S.W.2d 302 (1965). Since the jury found plaintiff met that burden, we find no error.
AFFIRMED.
RAWLS, Acting C.J., and SMITH, J., concur.