345 So.2d 804 (1977)
Arnold I. BARNETT and Alexander P. Rosin, Appellants,
v.
BARNETT BANK OF JACKSONVILLE, N.A., a National Banking Association, Appellee.
No. CC-432.
District Court of Appeal of Florida, First District.
April 19, 1977.
Rehearing Denied May 19, 1977.
Adam G. Adams, II, of Adams & Adams, Jacksonville, for appellants.
James A. Bledsoe, Jr., of Mahoney, Hadlow & Adams, Barry L. Zisser of Zisser & Robison, Jacksonville, for appellee.
McCORD, Judge.
This appeal is from a final judgment in favor of appellee Barnett Bank of Jacksonville on its complaint against appellants Arnold I. Barnett and Alexander P. Rosin seeking recovery under a promissory note and commercial equipment security agreement which were guaranteed by appellants. Final judgment was entered after partial summary judgment against appellants was granted as to liability and after trial thereafter on damages.
Appellants contended that upon default under the note and security agreement, the Bank sold the collateral prior to giving notice to appellants and thus without affording appellants an opportunity to redeem and be subrogated to the rights of the Bank in the security. Appellants contend that they are thereby released as guarantors. The Bank points out that in the guaranty agreement, appellants expressly waived notice of disposition of the collateral. Appellants counter with the contention that under the Uniform Commercial Code, the guarantor of an obligation may not prior to default waive the rights accorded to a "debtor" under the Code and that they are debtors under the Code. The trial court ruled against appellants' contention and entered partial summary judgment against them as to liability. We disagree and reverse.
§ 679.501(3) provides in pertinent part as follows:
"To the extent that they give rights to the debtor and impose duties on the secured *805 party, the rules stated in the subsections referred to below may not be waived or varied ...:
(a) * * *
(b) Sections 679.504(3) and 679.505(1) which deal with disposition of collateral;
(c) * * *
(d) Section 679.506 which deals with redemption of collateral; and
(e) * * *"
§ 679.504(3) states as follows:
"(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale of other intended disposition is to be made shall be sent by the secured party to the debtor, and except in the case of consumer goods to any other person who has a security interest in the collateral and who has duly filed a financing statement indexed in the name of the debtor in this state or who is known by the secured party to have a security interest in the collateral. The secured party may buy at any public sale and if the collateral is of a type customarily sold in a recognized market or is of a type which is the subject of widely distributed standard price quotations he may buy at private sale." (Emphasis supplied.)
§ 679.506 states as follows:
"Debtor's right to redeem collateral.  At any time before the secured party has disposed of collateral or entered into a contract for its disposition under § 679.504 or before the obligation has been discharged under § 679.505(2) the debtor or any other secured party may unless otherwise agreed in writing after default redeem the collateral by tendering fulfillment of all obligations secured by the collateral as well as the expenses reasonably incurred by the secured party in retaking, holding and preparing the collateral for disposition, in arranging for the sale, and to the extent provided in the agreement and not prohibited by law, his reasonable attorneys' fees and legal expenses."
The foregoing statutes set out the rights of a debtor which may not be waived prior to default. But is a guarantor a debtor? § 679.105(1)(d) defines "debtor" as follows:
"`Debtor' means the person who owes payment or other performance of the obligation secured, whether or not he owns or has rights in the collateral, ..."
The District Court of appeal, Fourth District in Hepworth v. Orlando Bank & Trust Company, 323 So.2d 41 (Fla. 4 DCA 1975), held that a guarantor is a debtor under the above statutory definition, and upon default on the note which he guaranteed, the guarantor is entitled to notice prior to sale or disposition of the collateral. The court there said:
"The guarantor stands in the shoes of the debtor not only with respect to liability for the payment or other performance of the general obligation but also in regard to the entitlement to notice prior to the sale of collateral. A sale of collateral without notice by a secured party effectively eliminates the options available to the guarantor, see Turk, supra, and defeats the rights which the guarantor is otherwise entitled to exercise. See 679.9-504(5), F.S. Apart from what we perceive to be the purpose and intent of the provisions of the code with respect to the rights and duties of a `debtor', fundamental principles of equity and fairness urge that the secured party give a guarantor notice of the sale of collateral securing the promissory note. Cf. 679.9-507, F.S."
Hepworth did not involve an attempted waiver of the notice as is the situation in the case sub judice. It is clear, however, from the above quoted provisions of § 679.501(3) *806 that the waiver contained in the guaranty agreement is of no effect. Compare Norton v. National Bank of Commerce of Pine Bluff, 240 Ark. 143, 398 S.W.2d 538 (1966).
Aside from the question of waiver, appellee contends that failure to give a guarantor the notice required by § 679.504(3) does not bar recovery of a deficiency judgment against the guarantor. While there appears to be a division of authority outside of Florida on this point, the District Courts of Appeal of the Second, Third and Fourth Districts have aligned themselves with the courts which hold that the failure of the secured party to give the requisite notice prior to a sale or disposition of the collateral precludes an action for deficiency against the guarantor. We agree with these rulings. See Hepworth v. Orlando Bank and Trust Company, supra; Washington v. First National Bank of Miami, 332 So.2d 644 (Fla. 3 DCA 1976); and Turk v. St. Petersburg Bank and Trust Company, 281 So.2d 534 (Fla. 2 DCA 1973).
Reversed with directions that the final judgment be vacated and a new trial be held consistent with this opinion.
BOYER, C.J., and RAWLS, J., concur.