BOOTH, Judge.
This cause is before us on appeal from the order of the Circuit Court, Volusia County, in a mortgage foreclosure proceeding denying appellant’s motion for a deficiency judgment against the appellee.
Southeast First National Bank of Mait-land, appellant, brought an action to foreclose a mortgage on real property located in Volusia County against LeGrace Corporation, by and through Eugene Lay and Frank L. White, as trustees and surviving directors of defendant, a dissolved corporation. The complaint alleged that the corporate defendant executed a note and mortgage in August of 1974, and various renewals of the note, but subsequently defaulted, owing some $20,000 principle plus interest. The complaint further alleged that defendants White and Lay executed the notes as endorsers guaranteeing payment in full of all obligations of the corporate defendant. Judgment was sought against the defendants for any deficiency after sale of the subject property.
Personal service was obtained and judgment by default entered. On April 12, 1977, final judgment of foreclosure and sale was entered. Notice of sale was published the same day. No notice of sale was given to either White or Lay.
The property was bid in by appellant for the sum of $100. Thereafter, appellant filed a motion for deficiency judgment attaching an affidavit showing the appraisal of the property to be less than $10,000.
The trial court denied the motion for deficiency judgment citing this Court’s decision in Barnett v. Barnett Bank of Jacksonville, 345 So.2d 804 (1st DCA 1977), wherein we held:
“While there appears to be a division of authority outside of Florida on this point, *129 the District Courts of Appeal of the Second, Third and Fourth Districts have aligned themselves with the courts which hold that the failure of the secured party to give the requisite notice prior to sale or disposition of the collateral precludes an action for deficiency against the guarantor. We agree with these rulings.”
The failure to give notice of sale to White and Lay is contrary to the provisions of the notes executed by White and Lay on behalf of the corporate defendant and individually as guarantors. These notes provide that the “Uniform Commercial Code (Florida)” applies and state in pertinent part as follows:
“Bank will give borrower reasonable notice of the time and place of any public or private sale thereof. The requirement of reasonable notice shall be met if such notice is mailed; postage prepaid, to borrower at address shown on record of bank at least five days before the time of the sale or disposition.”
Thus, the agreement of the parties (1) refers to the Uniform Commercial Code which provides for notice to the debtor, Florida Statute § 679.9-504(3) and (2) specifies the time and method of notice to be given the debtor prior to sale of collateral.[1]
Notice was required prior to sale in this case and the trial court did not abuse its discretion in refusing to enter a deficiency judgment against appellants in the absence of such notice. The purpose of notice of sale is as stated by this Court in Bondurant v. Beard Equipment Company, 345 So.2d 806 (1st DCA 1977), to enable the debtor to protect his interest by paying the debt, finding a buyer or being present at the sale to bid on property or have others do so to the end that the property is not sacrificed at sale for less than its true value. In the Barnett case, supra, this Court held that no basis exists for distinguishing a guarantor after default of the principle debtor, from “debtor” under Florida Statute § 679.9-504(3) insofar as entitlement to notice prior to sale of collateral.
Accordingly, the judgment below is AFFIRMED.
BOYER, A. C. J., and MILLS, J., concur.

. Since the Uniform Commercial Code is specifically made applicable by the agreement of the parties, the exclusionary provision of the Code, Florida Statute § 679.9-104, does not apply and the applicability, if any, of the UCC to real estate foreclosure suits generally is not at issue. See, Rucker v. State Exchange Bank, 355 So.2d 171 (1st DCA 1978).