## GENERAL MOTORS ACCEPTANCE CORPORATION v. DANA, et al.

No. 78-04815 CC.

County Court, Broward County.

December 5, 1978.

Gregory G. Olsen of Dingwall & Morgan, Fort Lauderdale, for the plaintiff.

Robert J. Compton, Fort Lauderdale, for the defendant, Aloysios W. Dana.

Alan E. Fallik of Legal Aid Service of Broward County, Inc., Fort Lauderdale, for the defendant, Maria G. Dana.

HARRY GULKIN, County Court Judge.

This matter being opened to the court by Dingwall & Morgan, Esquires, attorneys for plaintiff (Gregory G. Olsen, Esquire, appearing), and in the presence of Legal Aid Service of Broward County, Inc., attorney for co-defendant, Maria G. Dana, (Alan E. Fallik, Esquire, appearing), for an order granting summary judgment in favor of plaintiff and against co-defendant, Maria G.

Dana, and the court having read and considered the affidavit filed in support of said motion, and the court further having had the opportunity to review and consider all pleadings, exhibits and further having had the opportunity to consider the arguments of respective counsel, makes the following determinations of fact and conclusions of law —

## Statement of facts

Co-defendant, Maria G. Dana, co-signed an installment sales contract with King Motor Company for a 1975 Oldsmobile. The contract thereafter was assigned to General Motors Acceptance Corporation, the plaintiff herein.

The said co-defendant, Maria G. Dana, has admitted that there was a default on the payments and, as a result thereof, the motor vehicle in question was repossessed by General Motors Acceptance Corporation and sold at a private sale.

At the time the contract was executed on August 21, 1975, the co-defendant listed her mailing address as 8090 Northwest 20th Court, Sunrise, Florida.

General Motor Acceptance Corporation sent a "notice" to the co-defendant at the address listed above which "notice" was dated November 15, 1977. The "notice" was put into an envelope that was sent by certified mail, return receipt requested. That envelope was later returned to the plaintiff with the notation that the envelope was "unclaimed." A copy of the envelope and receipt are attached hereto.

The reverse side of the installment sales contract provided, in paragraph 6, as follows —

The requirement of reasonable notification of the time and place of any public or private sale or other intended disposition shall be met if notice thereof is mailed, postage prepaid, to the buyer and any other person entitled thereto 10 days prior to such sale or other disposition of the property.

It is clear that the plaintiff complied with the time requirement in that the date of the notice was November 15, 1977, and the sale was scheduled for November 28,1977.

The motor vehicle in question was thereafter sold by the plaintiff and, because a deficiency resulted after the sale, this litigation ensued.

The co-defendant, Maria G. Dana, although not filing any affidavit in opposition to the motion for summary judgment, contends, in the answer filed on her behalf, that because she never "received" the envelope in which the notice of the sale was con-

tained, she should not be held responsible for the deficiency. She argues that the plaintiff failed to comply with the express provisions of the Uniform Commercial Code that set forth the procedures that must be followed when a secured creditor repossesses collateral and intends to sell same at a public or private sale.

## Conclusions of law

The issue raised in this case necessarily involves a construction and interpretation of Florida Statute 679.504(3) which, in pertinent part, reads as follows —

> Disposition of the collateral may be by public or private proceedings . . . sale or other disposition may be . . . at any time and place . . . but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value . . . *reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor.* (emphasis added)

The co-defendant, Maria G. Dana, does not complain that the type of notification sent was unreasonable; she asserts, however, that because the envelope containing the "notice" of sale was unclaimed, she did not, legally, receive any notification.

Other sections of the Uniform Commercial Code must be examined in order to arrive at a decision on the issue raised.

Florida Statute 671.201 (26) provides —

> A person "notifies" or "gives" a notice or *notification* to another by taking such steps as may be reasonably required to inform the other in ordinary course *whether or not such other actually comes to know of it.* A person "receives" a notice or notification when
>
> (a) It comes to his attention; or
>
> (b) It is duly delivered at the place of business through which the contract was made or *at any other place held out by him as the place for receipt of such communications.* (emphasis added)

Florida Statute 671.201 (38) provides —

> "Send" in connection with any writing or notice means to deposit in the mail or deliver for transmission by any other usual means of communication with postage or cost of transmission provided for and properly addressed and in the case of an instrument to an address specified thereon or otherwise agreed, or if there be none to any address reasonable under the circumstances. The receipt of any writing or notice within the time at which it would have arrived if properly sent has the effect of a proper sending.

The sole question presented by the matter *sub judice* is whether written notice of a proposed sale, sent by the secured party to the

debtor via certified mail, return receipt requested, which written notice is returned "unclaimed" constitutes sufficient compliance with the statutory requirement as set forth in Florida Statute 679.504 (3).

The same issue arose in *Pacific Discount Co. v. Jackson*, 37 N.J. 169, 179 A2d 745 (1962). The defendant, Jackson, had agreed to purchase a motor vehicle upon a conditional sales contract accompanied by a promissory note. After making a number of payments, the defendant defaulted, and the plaintiff repossessed the motor vehicle. In the process of foreclosing the conditional sale agreement, plaintiff forwarded to Jackson, by certified mail, notice of the proposed resale of the vehicle. The notice, however, was not received by the defendant, although the correctness of the address thereon was admitted by the defendant. When the envelope was returned unopened to the plaintiff, it bore the legend "addressee unknown at this address" and a co-signer-defendant, Robinson, had his envelope returned bearing the legend "unclaimed."

Thereafter, at the public resale, the car brought less than the remaining balance that was due under the conditional sales contract and note which resulted in the suing of both Jackson and Robinson.

The section of the Uniform Conditional Sales Act that was involved contained language that was similar to the Uniform Commercial Code provision in issue. The seller was required to give to the buyer not less than 10 days written notice of the sale either personally or by registered mail directed to the buyer at his last known place of business or residence.

The court held that actual receipt of the notice of sale was not a prerequisite to a valid resale.

The law in this state is now clear that, before a secured party can obtain a deficiency judgment against a debtor, the debtor must be given notice of what is about to occur.

If the secured party (in this instance, GMAC), wanted to dispose of the collateral without judicial process or notice to the debtor (in this case, Maria G. Dana), as the statute provides, it could have done so; but, it would not be entitled to a deficiency judgment against any debtor not so notified. *Turk v. St. Petersburg Bank and Trust Company*, 281 So.2d 534 (Fla. 2nd DCA 1973); *Barnett v. Barnett Bank of Jacksonville*, N.A. 345 So.2d 804 (Fla. 1st DCA 1977); *Washington v. The First National Bank of Miami*, 332 So.2d 645 (Fla. 3rd DCA 1976).

A sale of collateral without notice by a secured party would effectively eliminate the options that are available to the debtor

and would defeat the rights which the debtor is otherwise entitled to exercise. See, Florida Statutes 679.506.

In addition to the expressed provisions of the Uniform Commercial Code as referred to above with respect to the rights and duties of a debtor, fundamental principles of equity and fairness urge that the secured party give a debtor notice of the sale of collateral securing the conditional sales contract. See, *Hepworth v. Orlando Bank and Trust Company*, 323 So.2d 41 (Fla. 4th DCA 1975).

The case at bar can be distinguished from the facts of *Bondurant v. Beard Equipment Co.*, 345 So.2d 806 (Fla. 1st DCA 1977), wherein the plaintiff knew that the collateral would be sold. In addition thereto, in *Turk*, the judgment debtor was never afforded any notice at all from the bank, so the precise question involving the method of notice was not reached.

As stated by the court in *Bondurant*, the purpose of notice under Florida Statute 679.504 (3) is to enable the debtor to protect his interest by paying the debt, finding a buyer or being present at the sale to bid on the property or have others do so, to the end that it not be sacrificed by a sale at less than its true value. *Id*, at 809.

The court held in *Bondurant* that under the particular circumstances of that case the actual knowledge of the debtor of the sale was sufficient reasonable notice. The fact that the court also stated that the question of reasonable notice was for the jury to decide is not on point with the issue before this court, i.e., whether an "unclaimed" envelope containing the required notice constitutes reasonable notice or reasonable notification as required by Florida Statute 679.504 (3).

The issue was also reached in *MFT Leasing v. Fillmore Products, Inc.* 579 P.2d 924 (Utah 1978), wherein plaintiff (secured party) sent a certified letter of notice to the defendants with regard to the proposed sale of a subject forklift that had been previously repossessed.

The notice was returned to the plaintiff with a notation of "unclaimed" on the face of the envelope. Thereafter, plaintiff sold the forklift and claimed a deficiency judgment and was awarded a money judgment.

The defendants claimed that the plaintiff was required to take further action when the certified letter of notice to sell was returned as "unclaimed." The defendants requested a jury instruction to the effect that the plaintiffs would have had to prove that the defendants received notice and, if they did not, no deficiency judgment would have been awarded against them.

The Supreme Court of Utah rejected that contention and upheld the award of damages by the jury. It should be noted, however, that approximately 30 days before the envelope was returned with the notation of "unclaimed," an agent of the plaintiff informed a vice-president of the defendant that the plaintiff would sell the forklift and look to the defendants for any deficiency that may exist.

This court has not been able to find any Florida case that has answered the question raised here — when no prior notice, either oral or written, is given by a secured party to a debtor, is it reasonable notification to mail a notice of sale contained in an envelope that is sent certified mail return receipt requested that is thereafter returned to the sender with a notation that said envelope was "unclaimed"?

This court answers the question in the affirmative. The undisputed facts clearly reflect that the secured party, plaintiff herein, complied with the requirements of the Uniform Commercial Code, and this court concludes that the plaintiff did all that the law required it to do.

The envelope was addressed and mailed to the same address as was contained on the original conditional sales contract; there is no proof or evidence that the co-defendant, Maria G. Dana, notified plaintiff of a change of address. The defendant, on the other hand, argues that she did not receive "reasonable notification" as required in Florida Statute 679.504 (3). She further argues that she was denied due process of law in that she received absolutely no notification, either oral or written, by the plaintiff prior to the sale of the automobile in question.

The assertion that a secured party must engage in presale activity that goes beyond the requirements as set forth in the Uniform Commercial Code, i.e., sending an investigator to ascertain whether the debtor still resides at the subject premises, etcetera, is not supported by the law in this state.

Based on all of the aforesaid, this court concludes that there is no genuine issue of material fact, and that the plaintiff is entitled to a judgment as a matter of law against the co-defendant Maria G. Dana, in that the plaintiff has complied with the statutory requirements as set forth in Florida Statute 679.504 (3) notwithstanding the fact that the envelope containing the notice of sale of the motor vehicle in question was returned to the sender-plaintiff with the notation "unclaimed."

It is, therefore, ordered and adjudged that the plaintiff's motion for summary judgment against the co-defendant, Maria G. Dana, be and the same is hereby granted.