370 So.2d 12 (1978)
Robert O. THOMAS and Jack F. West, Appellants,
v.
Paul L. SUTHERLAND, Appellee.
No. HH-39.
District Court of Appeal of Florida, First District.
December 13, 1978.
Rehearing Denied May 21, 1979.
O.O. McCollum, Jr., of Thames & McCollum, Jacksonville, for appellants.
Alan C. Jensen, Jacksonville, for appellee.
McCORD, Chief Judge.
Appellants, defendants below, appeal a final judgment entered in appellee's favor in a suit brought by appellee against appellants on a promissory note. We reverse.
Appellee sued Neptune Manufacturing Co., Inc., a corporation, hereafter referred to as Neptune, and appellants, Robert O. Thomas and Jack F. West, as makers of a promissory note alleging a default in payment of the June 3, 1975, note installment. At the conclusion of the evidence, the trial court entered final judgment finding that appellants had defaulted on June 3, 1975, by failure to make the payment due on that date and entered final judgment on the note. The court also entered final judgment in favor of appellant West against appellee and Neptune on appellant West's counterclaim for damages to West resulting from West's payment of a debt of the corporation upon which he was a secondary guarantor and appellee was primary guarantor.
From the evidence it appears that in May of 1974, appellants Thomas and West individually and Thomas in his corporate capacity as president of Neptune, executed and delivered the promissory note to appellee Sutherland. The note was given in consummation of a transaction whereby appellants purchased all of the capital stock of Neptune from appellee, the founder, operator and sole stockholder of Neptune. The transaction consisted of a sales-purchase agreement, a security agreement, and the promissory note.[1] On May 20, 1975, appellee notified appellants that they were in default under the security agreement in that the corporation had failed to maintain a ratio of current assets to current liabilities of not less than one-to-one as required *13 by the security agreement and by failure to furnish to appellee quarterly financial reports as required by the security agreement. The notice advised that appellee elected to exercise his right under the security agreement and to vote the corporate stock at a special stockholders meeting which he called for May 23, 1975, and to remove appellants as directors of Neptune. It appears from the record that appellee had learned that appellants had dissipated and transferred a considerable amount of the corporate assets to another corporation they had formed and that information was the primary predicate for his taking over Neptune.
At the stockholders' meeting, appellants resigned as officers and directors of Neptune and surrendered possession of the corporate stock to appellee. Appellee elected himself president; one Donald Albert, a director; and his brother, secretary, and thereafter for a period of time paid himself a salary. He liquidated a part of the corporate assets for $12,332 without notice to appellants and on November 21, 1975, he resigned, placed the rest of the corporate assets in storage, and took the corporate records to appellant West. He had previously filed this suit on November 9, 1976.
The pertinent provisions of the security agreement relating to the takeover of the collateral are as follows:
"Upon any default of the Debtor and at the option of the Secured Party, the obligations secured by this agreement shall immediately become due and payable in full without notice or demand and the Secured Party shall have all rights, remedies and privileges with respect to repossession, retention and sale of the collateral and disposition of the proceeds as are accorded to a Secured Party by the applicable sections of the Uniform Commercial Code respecting `Default' in effect as of the date of this Security Agreement."
The agreement further provides in relation to a repossession by the secured party as follows:
"... Unless the collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, Secured Party will give Debtor reasonable notice of the time and place of any public sale thereof or of the time after which any private sale or any other intended disposition thereof is to be made."
There is no showing in the record that the collateral which was disposed of by appellee was perishable, threatened to decline speedily in value or was of a type customarily sold on a recognized market nor has appellee contended that such was the case. After repossession of the collateral (or what remained of it), appellant would have been entitled to a judgment for deficiency in the remaining amount owing to him under the promissory note after disposal of such collateral pursuant to the terms of the Uniform Commercial Code [Chapters 671-680, Florida Statutes (1975)]. Unfortunately for appellee, he destroyed his right of action for the deficiency in that he failed to give the notice of sale required by both the security agreement and § 679.504(3), Florida Statutes (1975). Barnett v. Barnett Bank of Jacksonville, 345 So.2d 804 (Fla. 1 DCA 1977); Turk v. St. Petersburg Bank and Trust Co., 281 So.2d 534 (Fla. 2 DCA 1973); Hepworth v. Orlando Bank and Trust Co., 323 So.2d 41 (Fla. 4 DCA 1975); and Washington v. First National Bank of Miami, 332 So.2d 644 (Fla. 3 DCA 1976).
Reversed and remanded with directions to enter judgment in favor of appellants.
BOYER, J., and McLANE, RALPH M., Associate Judge, concur.
NOTES
[1] The security agreement gave appellee a security interest in the stock of Neptune, the inventory and assets of Neptune then existing and subsequently acquired and a certain lease agreement with Progress Enterprises, Inc.