402 So.2d 12 (1981)
The BARNETT BANK OF TALLAHASSEE, a Florida Banking Corporation, Appellant,
v.
Kenneth R. CAMPBELL, Appellee.
No. WW-186.
District Court of Appeal of Florida, First District.
June 17, 1981.
Rehearing Denied August 13, 1981.
*13 John C. Cooper, of Douglass, Davey & Cooper, Tallahassee, for appellant.
Gordon D. Cherr, of Frates, Jacobs, Farrar, Novey, Blanton & Poole, Tallahassee, for appellee.
McCORD, Judge.
This appeal is from a final judgment denying appellant Bank's claim for a deficiency judgment on a promissory note. We affirm.
The note in question was executed by Campbell Mechanical Services, Inc. (by its president, appellee). Appellee, individually, was a co-maker, endorser and guarantor of the note which was secured by certain business equipment and seven motor vehicles. Campbell Mechanical Services thereafter filed bankruptcy and defaulted on the note. Appellant Bank took possession of the collateral pursuant to a bankruptcy court order, and disposed of it in two private sales  one was to appellee of miscellaneous equipment and the other disposed of the motor vehicles to Tallahassee Motors. The second sale is the subject of this dispute.
After disposition of the collateral, the Bank sought a deficiency judgment against appellee. In defense at the trial, appellee disputed the reasonableness of the notice of the sale of the motor vehicles and the commercial reasonableness of the conduct of the sale. He denied that appellant Bank complied with notice requirements of Florida law.
Mr. Sims, a loan officer of the Bank, testified that he told appellee in September 1976 that the Bank intended to sell the collateral. On December 13, 1976, appellant Bank sent written notice to appellee at 160 S.W. Capital Circle of its intent to sell the motor vehicles after December 23, 1976. The notice letter was returned to the Bank undelivered. The actual address of appellee's place of business is 160 1/2 S.W. Capital Circle. (Some of appellee's equipment apparently was stored at 160 S.W. Capital Circle, but that is a separate parcel of property and a different building.) The address on the note and security agreement is 4386 Shelfer Road. Neither the note, the security agreement nor the guaranty signed by appellee listed a personal address for him. Since 1971 or 1972 when Campbell Mechanical Services began to do business with the Bank, its mailing address has been P.O. Box 5738, Tallahassee. Also since 1971 or 1972, appellee had his personal checking account with appellant Bank, and at all times his personal address was listed with the Bank as P.O. Box 5741. The address to which the notice was sent to appellee appears on the business stationery of Campbell Mechanical Services (the bankrupt corporation) and was the address listed on the corporation resolution authorizing loans from appellant Bank signed by appellee. The Bank made no further effort to contact appellee even though it had the other addresses mentioned above and knew that appellee's attorney's office was in the same office building as the Bank.
The note signed by appellee stated in part that he:
... consents that from time to time, without notice to the undersigned and without affecting any liability of the undersigned, (a) any collateral for payment of this note may be exchanged, released, surrendered, sold (by foreclosure or otherwise) applied or otherwise dealt with at the election of the holder ...
Appellee also signed a separate letter of guaranty waiving the right to notice, which stated in part:
Guarantor agrees to pay and discharge each such indebtedness and obligation of debtor to bank when due, in accordance with the terms of the obligation and hereby *14 waives all notice of acceptance of this guaranty, notice of demand, maturity, payment or default of any indebtedness and any other requirement or notice necessary to bind the guarantor hereunder.
The trial court refused to grant a deficiency against appellee, finding that appellant Bank did not give appellee reasonable notice of the sale; that appellant sent notice to an address that was not the address furnished to appellant nor was it on the contract or on appellant's record; that appellant was in communication with appellee's attorney, whose office was in the same building with appellant and had a correct address for appellee in its records but, unreasonably, made no further effort to notify appellee of the impending sale; that appellant Bank knew appellee wished to reacquire the collateral; that appellee had no knowledge of the date after which the sale would take place. The trial court also found that the sale was conducted in a commercially reasonable manner and that appellee knew appellant Bank would have to sell the collateral if appellee did not make arrangements to reacquire it.
This case is controlled by our opinion in Barnett v. Barnett Bank of Jacksonville, N.A., 345 So.2d 804 (Fla. 1st DCA 1977). There, we pointed out that § 679.501(3), Florida Statutes, provides that §§ 679.504(3) and 679.505(1), which deal with the disposition of collateral, may not be waived; that § 679.504(3) provides in part as follows:
... Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor...
A guarantor is a debtor under the definition of debtor set forth in § 679.105(1)(d). Hepworth v. Orlando Bank & Trust Company, 323 So.2d 41 (Fla. 4th DCA 1975). The failure of the secured party to give the requisite notice prior to a sale or disposition of the collateral precludes an action for deficiency against the guarantor.
Appellant Bank contends that this Court's opinion in Fewox v. Tallahassee Bank & Trust Company, 249 So.2d 55 (Fla. 1st DCA 1971), should control this case. Unlike the case sub judice, however, Fewox did not involve a security agreement and the unwaivable notice required to be given to debtors of sale of the collateral. The trial court's finding that appellant Bank did not give appellee reasonable notice of the sale is supported by competent substantial evidence, and the trial court was correct in refusing to grant a deficiency. Compare In Re Carter, 511 F.2d 1203 (9th Cir.1975).
AFFIRMED.
SHIVERS and JOANOS, JJ., concur.

ON MOTION FOR REHEARING
McCORD, Judge.
On motion for rehearing, appellant, among other contentions, states that our opinion failed to consider the holding in Bondurant v. Beard Equipment Company, 345 So.2d 806 (Fla. 1st DCA 1977), in that Bondurant ruled that a written notice of private sale of collateral is not a requirement for obtaining a deficiency judgment against the debtor. Appellant misconstrues our opinion in the case sub judice in this regard. It does not hold that a written notice of private sale of collateral is required. It does hold that reasonable notice of the sale of collateral is required, and Bondurant is in accord with that holding. Under the particular circumstances of the case sub judice, reasonable notice was not given. The two cases are thus factually distinguishable.
Motion for rehearing is denied.
SHIVERS and JOANOS, JJ., concur.