# VOLUSIA GOVERNMENTAL EMPLOYEES CREDIT UNION v. COLLINS, et al.

Case No. 83-2251-SP-12

County Court, Volusia County

December 1, 1983

## APPEARANCES OF COUNSEL

**Pope Hamrick** for plaintiff.

**Wesley A. Fink** for defendant Joseph.

**Nancy A.** and **Joseph Collins**, pro se.

## OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard for trial without the intervention of a jury.

This is an action for a deficiency judgment after the collateral was repossessed and sold at private sale. The amount claimed is $785.10. The collateral was a 1978 Toyota Corolla automobile and was sold as "salvage" for $250.00.

The automobile was repossessed on November 26, 1982. On Decem-

ber 15, 1982 the plaintiff informed the defendants in writing by certified mail that:

"Therefore, we are advising you that if you would like to redeem the automobile you may do so by paying all monies due. If you make no effort to redeem the automobile, we will sell it to the highest bid we are able to obtain."

The automobile was sold on January 17, 1983 in Georgia by an investigative/adjuster/repossession firm to one of two bidders for $250.00 at a private sale.

This action is controlled by Section 679.504(3) Florida Statutes, which provides as follows:

(3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms, *but every aspect of the disposition Including method, manner, time, place and terms must be commercially reasonable.* Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale, *or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor . . ."*

A careful reading of the plaintiff's letter to the defendants shows no time after which the sale of the automobile was to be made. In other words, the plaintiff failed to give the defendants a deadline in which to redeem. It is therefore the Court's opinion that the plaintiff failed to give "reasonable notification of the time after which any private sale . . ." would be made.

The Court is cognizant of the case of *Bondurant v. Beard Equipment Company,* 345 So.2d 806, which holds that at a private sale, no written notice is necessary nor a requirement of time and place of sale. But the Court more or less defined what "reasonable notice" is when it indicated that if a debtor knows where the collateral was and why it was being sold and had "three months to find a buyer" such notice was reasonable.

Here the defendants did not know where the automobile was (it was sold in Georgia) and under the terms of the notice given by the plaintiff, the plaintiff could have sold the automobile immediately, without giving the defendant an opportunity of finding a buyer.

The Court in the *Bondurant* case (supra) said:

45

"The purpose of notice under Section 679.504(3) is to enable the debtor to protect his interest by paying the debt, finding a buyer, or being present at the sale to bid on the property or have others do so, to the end that it not be sacrificed by a sale less than its true value."

The notice given by the plaintiff in this case does not carry out that purpose and as stated above was not a reasonable notice under the section.

The Court is also of the opinion that the plaintiff failed in its burden of proof to show that the sale was made in a "commercially reasonable" manner. There was testimony, albeit hearsay, that the automobile was sold as salvage because of its poor condition. But the defendant, Nancy Collins, testified that she had just driven the automobile from Florida to Georgia and it was parked in her driveway in a driveable condition when it was repossessed. She did testify truthfully that her husband removed the battery and seat covers after it was repossessed and that there was some body damage to the automobile. Without further proof by the plaintiff such a condition of the automobile hardly makes it "salvage."

There was no testimony as to how the bids were obtained or the relationship between the biddor and the biddee which should have obviated a possible collusion between them. According to the N.A.D.A. Official Used Car Guide the minimum price for the least expensive 1978 Toyota Corolla is $2,425.00 average trade-in, $2,200.00, average loan value, and $3,125.00 average retail price.

Without further proof as to the condition of the automobile at the time of re-possession and sale for $250.00 even without a battery and seat covers, shocks the conscience of the Court as to the sale of this automobile in a commercially reasonable manner.

It is therefore

ORDERED AND ADJUDGED that the plaintiff take nothing by this suit and that the said defendants go hence without day.