### In re GLOBE MOTOR HOMES, INC., Debtor.

**Bankruptcy No. 82–1875.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 23, 1985.

Albert Gordon, Tampa, Fla., for debtor.

Denis Durkin, Orlando, Fla., for claimant.

## ORDER ON OBJECTION TO CLAIM OF COACHMEN INDUSTRIES, INC.

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 reorganization case and the immediate matter under consideration is an objection to Claim # 16 of Coachmen Industries, Inc., which objection was filed by Globe Motor Homes, Inc., the Debtor in the above-styled case. On November 18, 1983 Coachmen filed an unsecured claim in the amount of $23,021.24, which sum represents a deficiency after the sale of its collateral, a 1981 Sportscoach Class A Motor Home. The Debtor objected to the claim on two (2) grounds. First, the Debtor contends that Coachmen failed to give notice of sale or of disposition of collateral as required by § 679.504(3) Fla.Stat. and therefore is not entitled to recover a deficiency. Alternatively, the Debtor contends that Coachmen failed to sell the collateral in a "commercially reasonable manner."

The Court heard argument of counsel, testimony of witnesses, considered the record and finds as follows:

On September 14, 1982 the Debtor filed a Voluntary Petition for Relief pursuant to Chapter 11 of the Bankruptcy Code. On December 6, 1982 the Court entered an Order and terminated the stay to permit Coachmen to repossess a 1981 Sportscoach Class A Motor Home. Coachmen repossessed the same and took it to "Topper Town of Clearwater" with the intent of reselling the collateral. On January 12, 1983 Jerry S. Ankney, Credit Manager of Coachmen mailed the following letter to Norwood M. Nelson, President of the Debtor.

January 12, 1983

Mr. Norwood Nelson
Globe Motor Homes, Inc.
4601 Gandy Blvd.
Tampa, Florida 33611

Subject: Notice of Proper Private Sale of
Sportscoach Unit Serial #ITJA03259B1000202

Dear Mr. Nelson:

This is your notice of private sale of the above unit in accordance with standard practice.

We will be taking written bids beginning January 17, 1983 through January 20, 1983 on this unit, which can be seen and inspected during working hours at: Topper Town of Clearwater
14000 U.S. 19 South
Clearwater, Florida 39516

Please send all bids to: Mr. Dave Olson
Sportscoach Corporation of America
P.O. Box 1945
Elkhart, Indiana 46515

These bids must arrive no later than January 25, 1983 to Mr. Olson's attention.

Very truly yours,

COACHMEN INDUSTRIES, INC.

Jerry S. Ankney
Corporate Credit Manager

---

It appears that Coachmen received no bids for the motor coach and in March, 1983 Coachmen moved the coach from Clearwater to Elkhart, Indiana and solicited new bids. On or about April 7, 1983 Coachmen received a bid of $30,000 (Claimant's Exhibit No. 1).

On April 21, 1983 Coachmen sent three (3) identical telegrams, two (2) to the Debtor and one (1) to Norwood Nelson. The telegrams state:

Subject: Final notice of sale of Sportscoach Unit Serial # 1tja0359bL000202

This is your final notice of private sale on the above noted unit. Our highest bid on this unit was $30,000.00 of which you have until 12:00 noon on April 26, 1983, to furnish us your cashiers check in the above amount if you would like to purchase the unit. If your cashiers check is not received by above designated time, we will sell to the highest bidder.

Jerry S. Ankney
Corporate Credit Manager
Coachmen Industries, Inc.
P.O. Box 88
Elkhart, IN 46515

It is presumed that the telegrams arrived on the afternoon of Thursday, April 21, 1983.

As noted earlier, the Debtor contends that the notice of private sale is insufficient as a matter of law because it does not specifically state the date after which a private sale or other disposition will be made; and that the collateral was not sold in a commercially reasonable manner. Of course, Coachmen contends that it, in fact, not only complied with but exceeded the requirements of § 679.504(3) Fla.Stat. by sending more than one (1) notice to the Debtor. Coachmen also asserts that the sale was commercially reasonable.

Section 679.504(3) Fla.Stat. provides in pertinent part:

... Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or *reasonable notification of the time after which any private sale or other intended disposition is to be made* shall be sent by the secured party to the debtor ... (Emphasis Supplied).

§ 679.504(3) Fla.Stat. (1981)

▮ There is no doubt that the failure of a secured party to provide reasonable notice to the Debtor prior to the sale or disposition of collateral precludes an action for a deficiency. *Hepworth v. Orlando Bank & Trust Company*, 323 So.2d 41 (Fla. 3d DCA 1975); *Turk v. St. Petersburg Bank and Trust Co.*, 281 So.2d 534 (Fla. 2d DCA 1973). As noted by the District Court of Appeal for the Second District, "... the language is clear that before a secured

party ... can obtain a deficiency against a debtor ... the debtor must be given notice of what is about to occur." *Turk v. St. Petersburg Bank and Trust Co.*, 281 So.2d at 536. Where the disposition of collateral is to be by public sale, the statute requires notice of both the time and place of the sale. However, in the case of a private sale, it is sufficient to put the Debtor on notice of the time after which the sale or disposition shall occur.

■ The critical questions in the case at bar are (1) whether a written notice given to the Debtor on January 12, 1983 which states that the last date to submit bids for the purchase of collateral is January 25, 1983 is insufficient because it fails to include the language, "after which date, the collateral shall be sold"; (2) if the notice is insufficient does the second notice cure the defect by establishing a date certain for the sale; and (3) must the second notice also fail because of the shortness of time between dispatch of the notice and the time accorded the Debtor to redeem the collateral?

This Court is satisfied that the first notice sent by Coachmen to the Debtor complies with § 679.504(3) inasmuch as it clearly and unequivocally notifies the Debtor of what is to occur. While the notice does not state that after bids are closed the collateral will be sold, it is implicit in the notice. There is no doubt that the Debtor was put on notice that Coachmen intended to sell the collateral *after* the last date to submit bids.

In *Bondurant v. Beard Equipment Co.*, 345 So.2d 806 (Fla. 1st DCA 1977), the Court held that under certain circumstances even oral notice to a debtor of an intent to sell the collateral was sufficient notice under § 679.504(3) Fla.Stat. The Court said, "[t]he purpose of notice under Section 679.504(3) is to enable the debtor to protect his interest by paying the debt, finding a buyer or being present at the sale to bid on the property or have others do so, to the end that it not be sacrificed by a sale at less than its true value". *Bondurant*, 345 So.2d at 809 citing *Franklin State Bank v. Parker*, 136 N.J.Super. 476, 346 A.2d 632 (1975). This Court is satisfied that the notice sent by Coachmen on January 12, 1983 afforded this Debtor ample protection.

Notwithstanding the foregoing, Coachmen was unable to procure a sale in Florida and moved the collateral to Indiana where it received three bids in the amounts of $18,750, $20,000 and $30,000 respectively. Coachmen decided to accept the highest bid, and sent the telegram of April 21, 1983 advising the Debtor of its intention to sell the collateral after the expiration of redemption period specified in the telegram. If anything, the telegram offered the Debtor a second opportunity to redeem its collateral. At no time did the Debtor contact Coachmen to redeem or even request an extension of time to redeem.

■ Finally, this Court finds that there is no evidence in the record to support the Debtor's allegation that the sale was conducted in a commercially unreasonable manner. The Court is satisfied that Coachmen proceeded in good faith, that the Debtor was accorded proper notice and that Coachmen is entitled to claim a deficiency. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Objection to Claim No. 16 of Coachmen Industries, Inc., filed by Globe Motor Homes, Inc. be and the same hereby is overruled and the claim shall be allowed as filed.