536 So.2d 1057 (1988)
CITY Federal Savings Bank, F/K/a City Federal Savings & Loan Association, a Stock Federal Savings Bank, Petitioner,
v.
Florida Eastern Development & Management Corp., a Florida Corporation; Harry Schreiber; Janet Schreiber; Atlantic Management & Consulting Corporation, a Florida Corporation, Respondents.
No. 88-0741.
District Court of Appeal of Florida, Fourth District.
October 19, 1988.
Rehearing Denied November 3, 1988.
L. Louis Mracheck of Gunster, Yoakley, Criser & Stewart, P.A., West Palm Beach, for petitioner.
Lawrence R. Heller of Gilbride, Heller & Brown, P.A., Miami, for respondents.
PER CURIAM.
This petition for writ of certiorari challenges an order of the Palm Beach County Circuit Court granting a motion to abate a suit against the makers and guarantors of a promissory note for sums due on the note. The abatement was predicated on the fact that petitioner, City Federal, already had taken possession of the collateral which secured the underlying indebtedness. City Federal had loaned money to the respondent, Florida Eastern, which was guaranteed by respondents Harry and Janet Schreiber and Atlantic Management. Petitioner took as collateral certain other *1058 promissory notes executed by third party investors. The loan went into default, and City Federal sued respondents. City Federal additionally sued to foreclose on the investor notes.
Respondents filed a motion to stay these proceedings because City Federal had taken possession of, and was proceeding to collect on, the collateral notes. We conclude that the circuit court did not depart from the essential requirements of law in granting the motion to abate. Ayares-Eisenberg Perrine Datsun, Inc. v. Sun Bank of Miami, 455 So.2d 525 (Fla. 3d DCA 1984). In Ayares-Eisenberg, the court recognized that Article 9 of the Uniform Commercial Code governing secured transactions does not allow a secured creditor to harass a debtor by pursuing contemporaneously two or more remedies. The court there concluded that the creditor's suit on the note was premature, when it had already repossessed the debtor's collateral.
In J. White & R. Summers, Handbook of the Law Under the Uniform Commercial Code, § 26-4 (1972), cited in Ayares-Eisenberg, the commentators cite section 9-501 of the Uniform Commercial Code, and note that while the rights and remedies referred to in subsection (1) are deemed to be cumulative, at some point the secured creditor must choose which remedy he will utilize, and pursue that route to fruition. The commentators state that the secured creditor should "not be permitted to harass the debtor by simultaneously pursuing two or more of the several avenues of attack open to him. Neither case law nor the language of 9-501 authorizes a `double-barreled' attack upon the debtor." Id. at 965. See also Land v. Cessna Aircraft Co., 466 So.2d 1265 (Fla. 1st DCA 1985).
In Motorola Communications and Electronics, Inc. v. National Patient Aids, Inc., 427 So.2d 1042 (Fla. 4th DCA 1983), we held, in a suit in which a seller sought recovery of a deficiency judgment against the guarantors on certain obligations incurred by buyers of communications equipment, that the trial court was required to determine whether the seller complied with the Uniform Commercial Code incident to the sale of the repossessed property. In ordering a retrial, this court recognized that although the secured party had numerous cumulative alternatives available to it, only after the sale proceeds had been determined should the creditor be permitted to proceed with a deficiency claim.
Petitioner argues that even if it is barred from pursuing its remedies against Florida Eastern, its principal debtor, it is not barred as to the guarantors. However, the reasoning set forth in Ayares-Eisenberg  that once a creditor seizes collateral and proceeds toward its disposition he may not simultaneously obtain other relief against the debtor  also bars the creditor from simultaneously pursuing recourse against a guarantor of the debt.
Additionally, in Motorola, this court noted that the guarantors were "debtors" subject to the Uniform Commercial Code. Id. at 1044, citing Hepworth v. Orlando Bank & Trust Co., 323 So.2d 41 (Fla. 4th DCA 1975). In Hepworth, this court held that under the UCC, guarantors for the payment of a promissory note secured by collateral were "debtors" who were entitled upon default of the note to reasonable notice prior to sale of the collateral by the secured party.
We, therefore, deny the petition.
WALDEN, GUNTHER and STONE, JJ., concur.