# NESHEIM v STATEWIDE COLLECTION CORPORATION

## Case No. 88-22 (County Court Case No. SO 87-1396)

Ninth Judicial Circuit, Orange County

April 10, 1989

### APPEARANCES OF COUNSEL

**Joseph C. Rubel,** for appellant.

**Robert W. Schupp,** for appellee.

### OPINION OF THE COURT

W. ROGERS TURNER, Circuit Judge.

Appellant, MICHAEL H. NESHEIM, was sued in county court for a deficiency by Appellee, STATEWIDE COLLECTION CORPORA-TION, pursuant to § 679.504, Fla. Stat., when his repossessed 1982 Ford allegedly failed to yield sufficient sale proceeds to satisfy the

promissory note indebtedness owing Appellee. After trial of the cause, a judgment was entered on October 7, 1987 in favor of the Appellee against Appellant in the amount of $2,929.40.

Appellant through counsel filed a Motion to Set Aside Final Judgment on April 18, 1988 alleging that he was unaware of the notice requirement under § 679.504(3), Fla. Stat., and that he had received no notice. He argued that because the statutory requirement of notice was not met and further that he was unrepresented by counsel at trial and was unaware of the notice requirement (and thus unable to assert lack of same as a defense to Appellee's action), based upon inadvertence or excusable neglect, the judgment of the lower court should be set aside. The trial court denied his motion and it is from that denial that this appeal has been taken.

Florida cases are legion in ruling that failure of a secured party to give requisite notice prior to sale or disposition of collateral precludes an action for a deficiency against the maker of a note. *Washington v The First National Bank of Miami,* 332 So.2d 644 (3d DCA 1976); *Turk v St. Petersburg Bank and Trust Company,* 281 So.2d 534 (2d DCA 1973); *Hepworth v Orlando Bank & Trust Company,* 323 So.2d 41 (4th DCA 1974); *Barnett v Barnett Bank of Jacksonville, N.A.,* 345 So.2d 804 (1st DCA 1977).

The burden of proving notice of sale of collateral is on the secured party who brings suit for a deficiency. *Bondurant v Beard Equipment Co.,* 345 So.2d 806 (1st DCA 1977). The purpose of notice under § 679.504(3) is to enable the debtor to protect his interests by paying the debt, finding a buyer or being present at the sale to bid on the property or have others to do so, to the end that it not be sacrificed at less than its true value. *Bondurant, supra.*

The record on appeal shows no evidence that Appellee sustained its burden of *proving* notice was given to Appellant pursuant to statute. While Appellant did not assert the defense of lack of notice at trial, he properly raised the issue in his post-trial motion. Because of the statutory provision is in strict derogation of common law and because Appellant was unrepresented by counsel at trial and was unaware of the notice requirement, the trial court should properly have set the judgment aside and required Appellee to prove that notice was given. Failure of the trial court to make specific findings as to whether notice was properly given would ordinarily constitute reversible error.

It is therefore,

ORDERED that the Order denying Appellant's Motion to Set Aside Final Judgment is REVERSED.